Lenes WISE and William WISE *v.* Edwin N. BARRON, Jr., M.D.

655 S.W.2d 446

Supreme Court of Arkansas
Opinion delivered July 18, 1983

*Raymond Harrill,* for appellants.

*Herby Branscum, Jr.,* for appellee.

PER CURIAM. Judgment for appellee, Edwin W. Barron, Jr., was entered in this case in the Circuit Court of Perry County on January 28, 1983. On February 23, 1983, appellants, Lenes and William Wise, filed two separate pleadings, one entitled a "Notice of Appeal" and the other "Designation of the Record."

The notice of appeal provided:

Notice is hereby given that the defendants appeal to the Arkansas Court of Appeals or the Arkansas Supreme Court from the judgment herein, rendered on January 28, 1983 and entered of record January 31, 1983.

The designation of the record provided:

Comes the defendants by their attorney Herby Branscum, Jr., and designates the entire record for the appeal herein.

On March 28, 1983, appellee filed a motion to dismiss the appeal in the trial court. The trial court never ruled on the motion, the record was lodged with the clerk, and appellee filed a motion with the Court of Appeals to dismiss the appeal. The Court of Appeals certified the motion to this court pursuant to Rule 29 (4) (b), Rules of Supreme Court.

Appellee alleges that the appeal should be dismissed on the grounds that appellants had failed to comply with Rule 3 (e), Rules of Appellate Procedure. Rule 3 (e) provides:

Content of Notice of Appeal or Cross-Appeal. A notice of appeal or cross-appeal shall specify the party or parties taking the appeal; shall designate the judgment, decree, order or part thereof appealed from and shall designate the contents of the record on appeal. The notice shall also contain a statement that the transcript, or specific portions thereof, have been ordered by the appellant.

Appellee contends that since the notice of appeal did not contain a statement that the transcript had been ordered

as provided in Rule 3 (e) the appeal should be dismissed, relying on *Hudson* v. *Hudson,* 277 Ark. 183, 641 S.W.2d 1 (1982). However, appellee's reliance on *Hudson* is misplaced. In *Hudson* appellant's failure to timely order the transcript resulted in the court reporter having to request an extension of time to prepare the transcript pursuant to Rule 5 (b). Under those circumstances the entire purpose of Rule 3 (e) requiring the notice of appeal to state that the transcript had been ordered was frustrated, and we dismissed the appeal.

Here, although the notice of appeal did not state that the transcript had been ordered, it was in fact ordered. No extension of time was ever needed or requested, and the record was timely filed with the clerk of this court. The purpose of the requirement in Rule 3 (e) that the notice of appeal contain a statement that the transcript has been ordered was not frustrated and appellee has not been prejudiced in this regard.

Appellee also argues that the appeal should be dismissed because he was never served with the "Designation of the Record" which appellant filed along with the "Notice of Appeal." Appellee states the record is incomplete because it does not reflect the pretrial discussions between the court and counsel and various motions and the rulings thereon, and that he is prejudiced by his inability to adequately supplement the record nine months later. However, even if appellee had received the "Designation of the Record," he would not have known that the pretrial discussions were not included, because appellants' designation of the record designated the entire record. Furthermore, Rule 3 (f), Rules of Appellate Procedure, provides:

> Service of Notice of Appeal or Cross-Appeal. A copy of the notice of appeal or cross-appeal shall be served by counsel for appellant or cross-appellant upon counsel for all other parties by any form of mail which requires a signed receipt. If a party is not represented by counsel, notice shall be mailed to such party at his last known address. *Failure to serve notice shall not affect the validity of the appeal.* [Emphasis ours]

For the reasons discussed above, appellee's motion to dismiss the appeal is denied.