Velma Lee DAFFIN *v.* Alonzo SEYMORE, et al

CA 84-326                                    685 S.W.2d 539

Court of Appeals of Arkansas
En Banc
Opinion delivered March 13, 1985

*James P. Massie,* for appellant.

*Sam Boyce,* for appellee.

PER CURIAM. Appellees move to dismiss this cause based upon appellant's failure to comply with Rule 3(e) of the Rules of Appellate Procedure which provides:

A notice of appeal or cross-appeal shall specify the

party or parties taking the appeal; shall designate the judgment, decree, order or part thereof appealed from and shall designate the contents of the record on appeal. The notice shall also contain a statement that the transcript, or specific portions thereof, have been ordered by the appellant.

Appellant's notice of appeal reflects that she appealed the trial court's decision rendering a default judgment against her and stated thereon "a copy of the record is being requested from the Court Reporter." Appellees attached to their motion an affidavit of the court reporter reflecting that the appellant's attorney never requested a transcript of the proceedings in this cause. Citing *Alexander* v. *Beaumont,* 275 Ark. 357, 629 S.W.2d 300 (1982), appellees assert the appellant's failure to designate the contents of the record or to notify the court reporter to transcribe the record is grounds for dismissal of this appeal.

Appellant does not deny that the record was never requested from the court reporter. She did, however, obtain from the circuit clerk certified copies of the pleadings, including the default judgment, entered in this cause. She filed these as the transcript in this appeal; thus, all we have before us is an abbreviated record.

In *Wise* v. *Barron,* 280 Ark. 202, 655 S.W.2d 446 (1983), the Supreme Court refused to dismiss an appeal when the appellant failed to state that the transcript had not been ordered when in fact it had been. The Court found the purpose of Rule 3(e) had not been frustrated, and the appellee had not been prejudiced because no extension of time was needed and the record was filed timely with the Supreme Court clerk. The instant case reflects almost the reverse situation to that in *Wise.* The appellant stated in her notice that she was requesting the record from the court reporter when in fact she had not. Instead, she ordered only the pleadings from the circuit clerk's office; however, in ordering this partial transcript she failed to designate she had ordered these specific portions of the proceeding as is required under Rule 3(e). If appellant had intended to designate a partial record and had properly done so, she

would have been required to serve with her notice of appeal and designation a concise statement of the points on which she intended to rely in this appeal. See Rule 3(g) of the Rules of Appellate Procedure. Appellant never filed a statement of points. Because appellant failed to order and file a complete record, appellees were compelled to order the full transcript from the court reporter and as alternative relief, they request that the record on appeal be supplemented if their motion to dismiss is not granted.

Appellant's failure to comply with Rule 3(e) has clearly caused a delay in this appeal. In addition, because the issues raised by appellant cannot be addressed properly by this court without the complete record, appellees were forced to order (as well as underwrite the costs of) the transcription of the lower court's proceedings. In one point, appellant argues that the award given appellees was excessive and not supported by the record. Obviously, to decide the issue, we need the trial court's evidentiary proceedings. In a second point, she claims the trial court should have allowed her to file a late answer. However, the trial court's judgment reflects appellant's motion to file a belated answer was denied at a pre-trial hearing held on February 6, 1984, when, at the same time, appellees were granted a default judgment subject to their proving damages. The court set the hearing on damages for May 31, 1984. As is true with appellant's first point, the transcripts of the February 6 and May 31 hearings are necessary to properly consider appellant's second point as well..

In summary, appellant's failure to correctly designate in her notice the contents or the portions of the record upon which she intended to rely contravenes Rules 3(e) and 3(g). In failing to do so, appellant caused a delay in this appeal and also shifted her burden to appellees to order and pay for the transcript so it could be lodged here. Accordingly, we grant appellees' renewal motion to dismiss based on Rule 3(e).

Appeal dismissed.

COOPER and MAYFIELD, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. I am deeply disturbed by the court's dismissal of the appellant's appeal without addressing the merits of the argument she makes to this court. To understand this reaction, it is necessary to understand what is involved here.

## What Is Involved

The appellant is a resident of St. Louis, Missouri. A suit was filed against her in the circuit court of Jackson County, Arkansas. The complaint alleged that the appellant, Velma Lee Daffin, was the driver of an automobile that was hit by another automobile on a public highway in Arkansas and that the collision was caused by the appellant's negligence. It was also alleged that the appellee, Leigh Ann Seymore, was injured in the collision and that she should have judgment against the appellant for the injuries sustained.

Notice of this suit was given to appellant by certified mail and under Arkansas law she had until September 22, 1983, to file an answer. On October 6, 1983, a Little Rock attorney filed a motion in the circuit court asking that the appellant be permitted to file an "out-of-time answer." Such an answer was tendered with the motion and it denied the allegations made in the complaint. The motion stated that appellant was unable to locate an attorney in Arkansas until after the time had expired to file her answer, that she had a valid defense to the complaint, that no motion for default judgment had been filed, and that no prejudice had incurred to the plaintiff. She asked that the court permit her to file the tendered answer and that she be given all other relief to which she might be entitled.

A response to this motion was filed by the appellee. It asked that the appellant's request to file a late answer be denied and that judgment by default be granted against appellant. At a pretrial hearing on February 6, 1984, the motion to file a late answer was denied by the court, and the appellee's motion for default judgment was granted subject to proof of damages. On May 31, 1984, evidence of damages was heard by the court and on August 9, 1984, a written judgment for $50,000.00 against appellant was filed in the circuit clerk's office. This judgment was timely appealed

and a transcript of the circuit clerk's record was timely filed in the Arkansas Court of Appeals. That transcript is certified by the clerk as "a true and complete transcript of the record and proceedings" in the circuit court, however, no transcript of evidence was included or filed with the clerk's transcript.

On November 21, 1984, the appellant filed a brief in this court. The first argument made in the brief is that the circuit court erred in not allowing an out-of-time answer to be filed and in granting a default judgment. The second argument is that the amount of the default judgment — $50,000.00 — is excessive and not supported by the evidence. Instead of filing a reply brief, the appellee filed a motion to dismiss the appellant's appeal. That motion is based upon the fact that the appellant did not file the court reporter's transcript of the "hearing on the proof of damages held May 31, 1984."

This court, after first denying it, has now on a motion to reconsider, granted the motion to dismiss appellant's appeal. I agree that we would have to have a transcript of the evidence concerning appellee's injuries before we could say that the amount of the judgment is excessive, but we do not need to dismiss the appeal to say that we must affirm the judgment because the appellant has not filed a transcript of evidence which shows that the amount of the judgment is excessive. And, of course, before we could say that the trial court should have granted the appellant an extension of time to file an answer because she was not able to find an Arkansas attorney to file an answer on time, we would have to have a stipulation or transcript of evidence showing that to be a fact. But, surely, it is clear that we do not need any evidence at all to say whether or not the fact that she could not find an attorney would entitle her to an extension of time in which to file an answer. That is one of the issues presented to us in this case, and I think it is our duty to address it. Although it is quite unlikely that we would reverse the judgment on the record filed by the appellant, it is wrong to simply dismiss the appeal.

In a situation almost exactly like this one, the Arkansas Supreme Court did not dismiss the appeal, but said: "The burden was upon the appellant to bring up a record sufficient to demonstrate that the trial court was in error. . . .

The appellant has failed to meet its burden. Therefore, we have no choice but to affirm the trial court." *SD Leasing, Inc.* v. *RNF Corp.*, 278 Ark. 530, 647 S.W.2d 447 (1983). I submit that the *dismissal of the appeal* in the circumstances of the instant case is an unprecedented action.

### What Is Not Involved

I also respectfully suggest that the opinion of the majority of this court is based upon matters that are really not involved in this case. The per curiam opinion correctly cites *Wise* v. *Barron*, 280 Ark. 202, 655 S.W.2d 446 (1983), as holding that the purpose of Appellate Procedure Rule 3(e) had not been frustrated in that case, and the appellee there had not been prejudiced because no extension of time was needed and the record was filed timely with the appellate court. However, the statement in the per curiam that the *instant case is almost the reverse situation to that in Wise* is; in my judgment, completely wrong. The appellant's failure to file a transcript of the reporter's evidence in this case did not cause one minute of delay or one bit of prejudice to the appellee.

In this case, in keeping with the Rules of Appellate procedure, the *clerk's* transcript was filed in this court within 90 days from the day the trial court's judgment was filed in the circuit court. No extension of time to file that record in this court was needed or requested. The only delay resulting from the failure to file the *reporter's* transcript of evidence came from the fact that, after the appellant filed her appeal brief, the appellee filed a motion to dismiss the appeal because the reporter's transcript had not been filed. At that point appellee's counsel had appellant's brief and knew what she relied upon for reversal. All the appellee had to do was to reply to the appellant's brief and state, as far as the amount of the judgment was concerned, that the appellant had not filed a transcript of the evidence, which the judgment recited the court heard, and therefore the judgment should be affirmed. No prejudice and no delay to the appellee resulted from the appellant's failure to file the reporter's transcript of the evidence or to make a designation of the record on appeal.

The same is true in regard to appellant's point about filing a late answer because she was unable to obtain the services of an Arkansas lawyer in time to file her answer on time. The per curiam opinion leaves the impression that there was an evidentiary hearing on that issue at the time the court denied appellant's motion to file a belated answer. However, nothing before us indicates that such a hearing occurred. The trial court's judgment does not recite that evidence was taken at that hearing, and appellee's counsel does not state that evidence was taken at the hearing and, in fact, makes no point at all about that matter. But regardless of whether evidence was heard or not heard on that issue, the fact remains that no prejudice and no delay resulted to the appellee from the fact that no transcript of evidence on the point was filed. All that was needed was to reply to the appellant's brief and say that even if inability to obtain counsel is sufficient to warrant the filing of a belated answer, nothing in the record supports the factual contention that the appellant could not find counsel in time for her answer to be timely filed.

If, for some reason, counsel for appellee was not willing to follow the course indicated above, he could have filed a motion with either this court or the trial court and could have asked that the appellant be required to file the omitted reporter's transcript. In that way he could have avoided the problem, raised by the per curiam opinion, of underwriting the costs of the transcript, and if the transcript was not filed by appellant, a motion to dismiss would *then* be in order.

Or, when appellant filed her brief, counsel for appellee could have filed a motion, based on the Supreme Court and Court of Appeals' Rule 4, to advance this case and affirm it as a delay case. In that event, if we agreed there was no merit to the appeal based on the points argued and the record filed, we could have affirmed the judgment without any delay and without the appellee ever filing a transcript or brief.

However, none of the above matters discussed in this section of this opinion is involved in this case. I think the majority's failure to recognize this, and to make the distinction between *affirming* a trial court's decision and *dismissing an appeal* from a trial court's decision, has

caused it to err.

## *Conclusion*

I started by stating that I was deeply disturbed by the court's ruling in this case. I conclude by giving two reasons for this reaction.

First, the court has construed Appellate Rule 3(e) to apply to what I believe to be an entirely new situation. Since this is a rule of the Supreme Court, under that court's Rule 29(1)(c) this case should have been certified to that court in order to avoid confusion in the interpretation and construction of our appellate rules. Certainly, an initial construction should come from that court, and I am disturbed that this did not happen in this case.

Secondly, the cases cited by the appellee and in the per curiam opinion reflect a concept that the dismissal of an appeal for failure to comply with Rule 3(e) is a sanction to be imposed when the rule is totally ignored or flagrantly violated, but not where, as in the instant case, there is no unnecessary delay in the docketing of the appeal and the appellee has not been prejudiced or misled by the failure to strictly comply with the rule. *Hudson v. Hudson,* 277 Ark. 183, 641 S.W.2d 1 (1982); *Alexander v. Beaumont,* 275 Ark. 357, 629 S.W.2d 300 (1982); *Wise v. Barron,* 280 Ark. 202, 655 S.W.2d 446 (1983). However, the majority has chosen to construe Rule 3(e) narrowly so as to dismiss this appeal rather than to address its merits. Under the circumstances of this case, it seems to me that this amounts to a penalty, and this disturbs me.

In fact, the majority decision in this case should disturb everyone, for when any appeal is dismissed without addressing its merits, the words of John Donne would remind us "never send to know for whom the bell tolls; it tolls for thee."

COOPER, J., joins in this dissent.

JAMES R. COOPER, Judge, dissenting. Although I have joined in Judge Mayfield's dissenting opinion, I feel

constrained to emphasize that today's action is even more strange when we remember that this Court, on January 16, 1985, granted the appellees' alternative motion to supplement the record with the transcript of the hearing on damages. Thus, by virtue of the motion filed by the appellee, we have before us all that has transpired before the trial court in this case, and those matters are before us, at least partially, because we initially chose not to dismiss this case, but to get the entire record here. It seems to me that we are being overly technical, if not clearly wrong, when we dismiss an appeal for the appellant's failure to bring up a complete record when the entire record is here before us by virtue of our own order. Perhaps we should have granted the motion to dismiss when it was first before us, but I doubt it. In any event, to now dismiss this appeal, I think, is wrong.