Don VENHAUS, Pulaski County Judge, Pulaski County, Arkansas *v.* PULASKI COUNTY QUORUM COURT and Gary ADAMS, et al.

86-182                                                726 S.W.2d 668

Supreme Court of Arkansas
Opinion delivered March 30, 1987

*Ivester, Henry, Skinner & Camp*, by: *Stephen L. Curry*, for appellant.

*Lesly W. Mattingly* and *Brent Baber*, by: *Lesly W. Mattingly*; and *Wood Law Firm*, by: *Raymond Weber* and *Douglas R. Jones*, for appellees.

JACK HOLT, JR., Chief Justice. We are asked to decide in this case what authority, if any, a trial court has to dismiss an appeal, and which of the defendants in this case — Don Venhaus, Pulaski County Judge, or the Pulaski County Quorum Court — has the right to appeal a judgment rendered upon a claim against the county. We hold that the trial court was without authority to enter its order dismissing the appeal and that Venhaus as county judge has statutory authority to pursue the appeal.

In 1982 a lawsuit was filed in Pulaski Chancery Court by Pulaski County deputy sheriffs seeking to recover overtime pay. Pulaski County, Venhaus, the Quorum Court, and the sheriff were named as defendants. On August 13, 1985, the chancellor entered an order finding the county was obligated to pay the overtime wages. On April 15, 1986, the chancellor entered judgment against Pulaski County for $61,433.22.

On May 15, 1986, Venhaus, representing Pulaski County in his official capacity as County Judge, filed a notice of appeal. The Quorum Court filed a motion to dismiss the appeal on May 22, 1986, alleging that they were the sole and proper party to pursue an appeal on behalf of Pulaski County. On July 24, 1986, the chancellor granted the motion on that basis, dismissing Venhaus's appeal. It is from the dismissal of the appeal only, and not the merits of the award of overtime pay, that this appeal is brought.

We first address the question of whether a trial court can ever dismiss an appeal, or if, once a notice of appeal is filed, the trial court loses its jurisdiction.

In *Estes* v. *Masner*, 244 Ark. 797, 427 S.W.2d 161 (1968), this court stated that "[i]t is true that once an appeal is taken to, and docketed in, this court, the trial court is deprived of jurisdiction to further act in this matter." Again in *Brady* v. *Alken, Inc.*, 273 Ark. 147, 617 S.W.2d 358 (1981), this court held:

> We first consider the contention that the trial court erred in dismissing the appeal. There is no question that the trial court still had jurisdiction of the case when the order of dismissal was entered because the record had not yet been lodged in the appellate court.

*Brady* and *Estes* indicate that a trial court retains jurisdiction as long as the record has not been lodged in the appellate court. However, this court recently announced an absolute rule prohibiting a trial court from ever dismissing an appeal. In *Johnson* v. *Carpenter*, 290 Ark. 255, 718 S.W.2d 434 (1986), we explained that "our rules of appellate procedure do not confer on the trial court the power to dismiss appeals. Those rules . . . are for *this court* to apply." (emphasis in original).

Accordingly, the chancellor erred in dismissing Venhaus's appeal.

Inasmuch as the appeal is reinstated by our holding, we reach the threshold question of which party has the authority to appeal.

At a Quorum Court meeting on June 24, 1986, ordinance 86-OR-69A was enacted which prohibited the county judge from spending county funds on the prosecution of an appeal, and appropriated funds to pay the judgment against the county. This action was vetoed by the county judge, however, the veto was overridden by the Quorum Court on July 22, 1986.

■ The Quorum Court was acting within its authority when it appropriated the funds to pay the judgment and voted to override Venhaus's veto. Arkansas Stat. Ann. § 17-3801 (Repl. 1980) provides that the Quorum Court has the power to "appropriate public funds for the expenses of the county. . .", to "fix the number and compensation of deputies. . .", and "to override the veto of the county judge." The Quorum Court's actions were in keeping with the provisions of this statute in that they appropriated funds to pay a judgment against the county, which was to compensate the deputies for overtime pay, and properly voted to override the county judge's veto.

■ Likewise, the county judge was acting within his statutory and constitutional authority when he pursued an appeal of the judgment against the county. We have held that amendment 55 changed the duties of the county judge from being those of an official who pays claims as a judicial officer to those of an officer who pays claims as an administrative officer, *Beaumont, Judge* v. *Adkisson, Judge*, 267 Ark. 511, 593 S.W.2d 11 (1980). Amendment 55 also delineates the duties of the county judge as regards appropriations by the Quorum Court. Section 3 of amendment 55 provides in part that the county judge shall "authorize and approve disbursement of appropriated county funds." Arkansas Stat. Ann. § 17-3901(B) (Repl. 1980) elaborates on the procedures to be followed by the county judge in this regard when he authorizes and approves disbursements. The statute provides that, before approving any voucher for the payment of county funds, the judge shall determine:

(a) there is a sufficient appropriation available for such purpose, and that there is a sufficient unencumbered balance of funds on hand in the appropriate county fund to pay therefor;

(b) that such expenditure is in compliance with the purposes for which the funds are appropriated;

(c) that all State purchasing laws and other State laws or ordinances of the quorum court are complied with in the expenditure of said moneys;

(d) that the goods or services for which expenditure is to be made have been rendered and that *the payment thereof has been incurred in a lawful manner and is owed by the county.* (emphasis added).

The logic of § 17-3901(B)(d) is obvious. The county judge, as chief administrative officer of the county, before disbursing county funds, must determine that the expenses have been incurred in a lawful manner and that payment is owed by the county. By electing to appeal the chancellor's award of a monetary judgment, the county judge was attempting to ensure that the requirements of § 17-3901(B)(d) were met.

The purpose of any appeal is to determine whether the judgment or verdict rendered below is correct and damage awards are typically not paid until the appeal has been heard. Once a determination has been made on appeal, then a judgment is enforceable and, in this case, the county judge could be certain that the claim is lawful and is owed by the county.

Accordingly, the order of the trial court is reversed and Venhaus's appeal is reinstated.

Reversed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I agree that the trial court is without jurisdiction to dismiss a valid appeal. However, we should dismiss this appeal upon our own volition. In addition to a waste of time and expense, the deputies will suffer because of this prolongation of a matter which is already moot.

The Pulaski County Quorum Court is vested with the sole

authority for exercising discretionary legislative functions. In this respect the county judge is only an administrative officer of the quorum court. This is a case where the tail is wagging the dog. In my opinion the only result of an appeal would be to delay the deputies from receiving their money and to needlessly cost the courts and county time and expense.

An exercise in futility should not be encouraged by this Court. If we were to require the losing party to personally pay for the expenses of the appeal, the appeal would likely be dismissed. Neither this Court nor the county judge has the right to overrule the quorum courts on matters within their sound discretion.

Appropriations of county funds is a matter which lies solely within the jurisdiction of the quorum court. See *Beaumont* v. *Adkisson*, 267 Ark. 511, 593 S.W.2d 11 (1980).

The appeal should be dismissed now.