Don VENHAUS, Pulaski County Judge, Pulaski County,
Arkansas *v.* PULASKI COUNTY QUORUM COURT,
and Gary ADAMS, et al.

86-182                                                729 S.W.2d 13

Supreme Court of Arkansas
Opinion delivered May 26, 1987

*Ivester, Henry, Skinner & Camp*, by: *Stephen L. Curry*, for appellant.

No response by appellee.

PER CURIAM. Petitioners, Don Venhaus, Pulaski County Judge, and Pulaski County filed this motion seeking clarification of the time schedule they are to follow for lodging the transcript.

A claim was rendered against Pulaski County to award that county's deputy sheriffs overtime pay. Venhaus filed a notice of appeal from that judgment and the trial court entered an order on July 24, 1986, dismissing his appeal on the basis that the quorum court was the only proper party to appeal. In an opinion handed down March 30, 1987, this court reversed the trial court's

order and reinstated the appeal. *Venhaus* v. *Pulaski Quorum Court*, 291 Ark. 558, 726 S.W.2d 668 (1987). In that opinion, however, we did not address the question of the allowable time for purposes of preparing a transcript. Rule 5 of the Rules of Appellate Procedure provides that the record shall be filed within 90 days from the filing of the first notice of appeal, unless an extension of time is granted. Such an extension is not to exceed seven months from the date of the entry of the judgment. Venhaus asks that his notice of appeal be considered as first filed on March 30, 1987, the date of this court's opinion reinstating the appeal, giving him a maximum of seven months from that date to file the record. We agree with this approach.

Venhaus's appeal to this court of the trial court's dismissal of his original appeal is the type of postjudgment motion contemplated by Rules 4 and 5 of the Rules of Appellate Procedure. In *Pentron Corp. et al* v. *Delta Steel & Const. Co.*, 286 Ark. 91, 689 S.W.2d 539 (1985) this court stated:

> Rule 4 and Rule 5 are meant to operate successively. That is, a final disposition of the case in the trial court is reached before the notice of appeal must be filed under Rule 4. Rule 5 must then be observed in the preparation of the record and its filing with the clerk of the appellate court. That process should logically date from the notice of appeal, not from the entry of a judgment perhaps some months earlier. Even more importantly, until a motion for a new trial is acted upon, it cannot be known which party will be the appellant, for by Rule 2(a)(3) an order either granting or denying a new trial is appealable. It is manifestly impractical to put the burden of acting within seven months upon a party whose identity may not yet have been determined.

Applying this language to the case at bar, when the trial court dismissed the original appeal and Venhaus succeeded in having that appeal reinstated, that was a final disposition of the case in the trial court. The record can now be ordered, with time calculated from the date of the reinstatement, not the entry of the original judgment. To do otherwise would be "manifestly impractical," since it would place the burden of acting within seven months upon a party whose right to appeal the judgment had not been established.

Therefore, Venhaus has 90 days from this court's decision on March 30, 1987, to file the record on appeal.

Motion granted.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. This is but another dilatory tactic on the part of the individual appellant. All of the other defendants in the original action have accepted the decree of the trial court and do not want to incur the additional costs of appeal which will ultimately be paid by the taxpayers of Pulaski County. Apparently the appellant feels that his pride is at stake. If it is, I am sorry, but the taxpayers are under no obligation to pay whatever it takes to soothe his feelings.

Judgment in favor of the deputy sheriffs, the plaintiffs in the original action, was entered by the trial court on April 15, 1986. The appellant called a special meeting of the quorum court for May 13, 1986; at this meeting the quorum court voted unanimously not to appeal the judgment. Nevertheless, the appellant filed a notice of appeal on May 15, 1986, the last day possible to file a timely appeal. The designation of the record on appeal included "all pleadings, proceedings, exhibits, evidence and documents introduced in evidence at trial or hearing before this Court. . . ." The appellant filed a motion for a stay pending the appeal on the same day that the notice of appeal was filed.

At the next regular meeting of the quorum court, on June 24, 1986, the court appropriated money to pay the judgment and enacted an ordinance which prohibited the county judge (the present lone appellant) from spending county funds on the prosecution of an appeal. (The underlying judgment was in favor of the deputy sheriffs who had been required to work overtime.) The appellant vetoed the ordinance and this veto was overridden on June 22, 1986.

The trial court entered another order on July 24, 1986, wherein it dismissed the petition for a stay, held that Pulaski County was the real party in interest, and dismissed the appeal. A second notice of appeal was filed by the appellant on August 6, 1986, in which he claimed to be acting in behalf of all of the defendants in the original action, even though he was fully aware that he was the only one who desired to appeal. This second notice

of appeal was from the interlocutory order dated August 13, 1985, in which the chancellor found that the county was obligated to pay the overtime wages, and from the final order and judgment dated April 15, 1986. The court entered yet another order on August 6, 1986, staying the order of July 24, 1986, and ordering the appellant to process the payment of the judgment.

On August 13, 1986, the trial court denied the appellant's motion for an extension of time to file the record on appeal. The court found that he had not deposited any funds for the payment of the transcript and that it would cost the county $8,000 to $10,000 to prepare the transcript which would never be used. The motion to extend time was made on the last allowable day. There was no proof that the appellant had ordered the transcript or that the reporter had started to prepare the testimony of the trial.

A petition for certiorari was filed in this Court on August 4, 1986. We denied the petition for certiorari on August 18, 1986, but we stated that we would allow time to prepare the transcript if appeal of the order of April 15, 1986, were allowed. Briefing schedules on the interlocutory appeal were assigned. On March 30, 1987, we reversed the trial court's order denying appellant's appeal (Purtle, J., dissenting). See *Venhaus* v. *Pulaski County Quorum Court*, 291 Ark. 558 (1987). Technically this opinion reinstated appellant's appeal from the order of April 15, 1986. The preparation of the transcript for that appeal apparently has not begun. There is no need for an all-inclusive transcript of all of the testimony even if we allow the appeal to be pursued because the sufficiency of the evidence will most certainly not be an issue on appeal.

Before the ink was dry on our decision allowing the appellant to continue with the appeal, he filed the present motion seeking to have a full seven months to file the transcript. The appellant is using this motion simply as a delay tactic. His petition for certiorari was filed on the eighty-ninth day following the notice of appeal. He apparently had not ordered the record at that time although it was due to be filed in this Court the next day. By the date of filing his petition for certiorari he had used up four months time and now he wants seven more. The appellant is using this Court to evade the established rules and to delay the collection of the judgment in favor of the deputy sheriffs.

We ought to grant appellant's present motion for clarification and do so by dismissing the appeal itself for lack of merit. Also, the record has not been timely filed with the clerk of this Court. As of this date, a year after the trial court's decision, the transcript has apparently not yet been ordered.

The Constitution of Arkansas, Amendment 55, established the various county quorum courts as the legislative branch for the counties. Section 3, addressing the duties of the county judge, states that the judge is to "administer ordinances enacted by the quorum courts." The powers of the quorum court are defined in Section 4 of the Amendment, which in part provides: "[T]he quorum court shall have the power to override the veto of the county judge . . . [and] fix the number and compensation of deputies and county employees. . . ." It is clear throughout the amendment and the enabling statutes that the quorum court is vested with the legislative power of the county. At no place in Amendment 55 does it provide that the county judge has the power to refuse to comply with ordinances duly enacted by the quorum court.

The ordinance is the absolute controlling law of the county, provided it does not violate state law or the constitution. In the case before us the quorum court has enacted an ordinance appropriating funds to pay the deputies in the sheriff's department. The quorum court has overridden the county judge's veto. Furthermore, the quorum court has enacted an ordinance to prohibit funds from being spent by the appellant on this appeal.

I believe the appeal is moot since the quorum court has already appropriated the funds to pay the judgment the quorum court has positively declined to appeal from the judgment of the trial court. However, it appears the appellant is trying to force the quorum court to appeal. Even if this appeal were to be successful, the quorum court could still vote again to appropriate funds for the payment of the judgment. In fact, there is no reason for the quorum court not to proceed with payment of these claims at the present time.

There is no argument by the lone appellant that the quorum court has appropriated funds in an unlawful manner. The only possible purpose of the appeal is to assert the appellant's power as per this Court's decision of March 30, 1987, that the appellant

has the right to appeal the judgment of the trial court. Our decision did not attempt to rule or even imply that the appellant would be successful on an appeal on the merits.

The majority per curiam gives no reason why the first four months used by the appellant should not be counted against him or why the trial court abused her discretion in denying the appellant an extension of time to file the record. Rule 5 of the Rules of Appellate Procedure provides that the record shall be filed within 90 days from the filing of the first notice of appeal, unless an extension of time is granted by the trial court. I do not understand what makes this appellant different from the others or why he should not follow the court rules. Neither do I understand why he wants to spend attorney's fees, court costs and other expense in his vain attempt to exercise control over the quorum court.

Pride goeth before destruction and a haughty spirit before a fall. The appeal should be dismissed now.