Mr. David S. Clinger Prosecuting Attorney Nineteenth Judicial District Benton County Courthouse 100 Northeast A. Street Bentonville, AR 72712
Dear Mr. Clinger:
This is in response to your request for an opinion regarding permissible expenditures from the undercover operations fund established by Benton County Quorum Court Ordinance #87-27. Specifically, you ask:
 (1) Whether the purchase of equipment and other nonemergency items from the undercover operations fund is legal?
 (2) What may the monies in the fund legally be used to purchase?
The undercover operations fund in question was established by ordinance of the Benton County Quorum Court on November 12, 1987. The fund was established to provide money for undercover operations related to the investigation and prosecution of drug and theft offenses in Benton County. When the ordinance was adopted, the quorum court appropriated $6,000 to the fund; since that time, the fund has apparently been replenished by other sources.
A recent legislative audit raised questions regarding appropriate expenditures from the fund.
Under A.C.A. 14-14-801, a county, acting through its quorum court, may exercise local legislative authority for the affairs of the county, so long as its actions are not expressly prohibited by the Arkansas Constitution or by law. Under this section, the county is given the power to "preserve peace and order and secure freedom from dangerous or noxious activities," as well as the power to "appropriate public funds for the expenses of the county in a manner prescribed by ordinance." See A.C.A. 14-14-801(b)(2) and (3) (1987). In addition, the county is required to provide, by ordinance of its quorum court, several necessary services for its citizens, one of which is "law enforcement protection." The Benton County undercover operations fund appears to be a legitimate exercise of the quorum court's power and duties under these provisions, there being no express prohibition against such a fund in the Constitution or other law of Arkansas.
Article V of the ordinance creating the undercover operations fund provides that the money in the fund may be used for the following purposes, but is not limited thereto:
 A. Purchases of food, lodging, and travel expenses of law enforcement personnel, informants, and any other person necessary for implementation of the undercover operation.
B. Flash money.
 C. Direct or indirect purchases of controlled substances, stolen property, contraband, or information related to any criminal activity.
It is my opinion that the money in this fund may be used for any purchases or expenditures that are allowed under this article and are legitimately related to the undercover operations of the county. I have found no other applicable restrictions. Accordingly, purchases of equipment and other non-emergency items that comply with these limitations would be permissible.
I must point out that the undercover operations fund is subject to the general requirements for the disbursement of funds appropriated by county quorum courts. Under A.C.A. 14-23-104
(1987), no money appropriated by the county quorum court shall be paid out of the county treasury without an order of the county court. Supporting documentation is also necessary for disbursement from the fund. See A.C.A. 14-23-105 (1987). These requirements stem from Amendment 55, 3 to the Arkansas Constitution, which provides in part that the county judge shall have custody of county property and shall authorize and approve the disbursement of appropriated county funds. See also A.C.A. 14-14-1101(a)(2) (1987). The procedures that must be followed by the county judge in performing this duty are set out in A.C.A. 14-14-110(b)(2) (1987). For caselaw discussing this duty of the county judge, see Venhaus v. Pulaski County Quorum Court, 291 Ark. 558, 726 S.W.2d 668
(1987) and Mears, Co. Judge v. Hall, 263 Ark. 827, 569 S.W.2d 91
(1978). Note that the quorum court may override the county judge's veto of an expenditure from the fund. Venhaus, supra.
In conclusion, it appears that purchases of equipment and other non-emergency items out of the undercover operations fund would be permissible, provided that the comply with the terms of the ordinance and are legitimately related to the undercover operations of Benton County. Any other purchases and expenses meeting these requirements would likewise be permissible.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] Note that Act 87 of the Third Extraordinary Session of 1989 would prohibit placing money from court-ordered forfeitures in criminal cases into this fund. Act 87 specifically provides for the disbursement of money obtained through asset forfeiture. See A.C.A. 5-64-505(k) (Advance Code Service 1990-91).