The Honorable Mike Huckabee Lieutenant Governor State Capitol, Suite 270 Little Rock, AR 72201
Dear Mr. Huckabee:
This is in response to your request for an opinion on the following question:
 After funding health insurance over a period of several years, does the county judge or county court have the authority to refuse to pay health insurance premiums on quorum court members even though the quorum court passed a budget which appropriates the funding for such premiums?
You note that this question is asked on behalf of a county official, and that the issue seems to be whether or not the county judge has line item veto authority in budgetary matters, even those relating to benefits for elected quorum court members.
It is clear, under A.C.A. § 14-14-911 (1987), that the county judge has no line item veto authority. This Code section states in relevant part as follows:
 AUTHORITY TO VETO. The county judge of each county shall preside over the county quorum court with the power of veto.
 LIMITATIONS OF VETO. The power of veto shall be limited to the total text of an ordinance or amendment to an existing ordinance, and this veto power shall not be construed to permit the veto of any single part, section, or line item of any ordinance or amendment.
A.C.A. § 14-14-911(a) and (b) (1987) (emphasis added).
With regard to your specific question involving the county judge's or the county court's refusal to pay, reference must be made to the general requirements for disbursement of funds appropriated by the quorum court.See A.C.A. §§ 14-23-201 et seq. (1987) and 14-14-1102 (1987). See alsogenerally Ark. Const. Amend. 55, § 3. Section 3 of Amendment 55 provides in part that the county judge shall "authorize and approve disbursement of appropriated county funds."[1] Arkansas Code Annotated § 14-14-1102
elaborates upon the procedures to be following by the county judge in this regard. See Venhaus, supra. This Code section provides that before approving any voucher for the payment of county funds, the judge shall determine that:
 (i) There is a sufficient appropriation available for the purpose and there is a sufficient unencumbered balance of funds on hand in the appropriate county fund to pay therefor;
 (ii) The expenditure is in compliance with the purposes for which the funds are appropriated;
 (iii) All state purchasing laws and other state laws or ordinances of the quorum court are complied with in the expenditure of the moneys;
 (iv) The goods or services for which expenditure is to be made have been rendered and the payment thereof has been incurred in a lawful manner and is owed by the county.
A.C.A. § 14-14-1102(b)(2)(B) (1987).
Thus, as stated by the court in Venhaus, supra, "[t]he county judge, as chief administrative officer of the county, before disbursing county funds, must determine that the expenses have been incurred in a lawful manner and that payment is owed by the county." 291 Ark. at 562.
In response to your question, therefore, the county judge's refusal to pay would have to be viewed in light of the above procedures. The precise basis for the judge's refusal to pay the health insurance premiums would have to be considered. If, in passing upon claims in accordance with §14-14-1102, the county judge determined that state law was not complied with in the particular expenditure or that the expense was not incurred in a lawful manner, it seems that he would have the power and duty to refuse payment. This is, however, distinguishable from any "line item veto authority" which implies the absence of any explanation or basis for the refusal to pay.
With regard, specifically, to health insurance premiums for quorum court members, a question arises regarding the county's authority to authorize such expenditure of county funds in light of the compensation provisions in A.C.A. § 14-14-1205 (Cum. Supp. 1993). This Code section states that the "per diem compensation" for justices of the peace shall be fixed by county ordinance. A.C.A. § 14-14-1205(a)(1)(A). It establishes minimum and maximum amounts and defines "per diem compensation" as "a per calendar day allowance, exclusive of allowable expenses, which shall be paid a justice for attending meetings of the county quorum court." Id. at subsection (a)(1)(B) and (a)(2). Subsection (c) of § 14-14-1205 then states:
 No justice of the peace shall receive compensation as a county employee or deputy, nor shall any justice receive compensation or expenses from funds appropriated by the quorum court for any services performed within the county, other than as provided by this subchapter.
My review has yielded no Code provision specifically authorizing the payment of health insurance premiums on behalf of quorum court members. It is arguable, under the above provision, that such payment would constitute compensation other than as provided by the Arkansas Code. Medical insurance costs do not, in my opinion, reasonably fall into the category of "allowable expenses." See A.C.A. § 14-14-1207 (1987). And contrary to an opinion issued by a previous administration in this office (see Op. Att'y Gen. 88-042), I do not believe such costs are properly included in the "per diem compensation" authorized under § 14-14-1205. It is clear that per diem compensation is an allowance that is paid for attending quorum court meetings. Payment should only be made in the event of attendance. The payment of health insurance premiums simply does not reasonably fall within this scheme.
Although the above conclusions may, in my opinion, be reasonably drawn from the relevant statutory language, it should be noted that a conclusive resolution may ultimately require resort to the courts. The county judge's denial of any claim pursuant to § 14-14-1102 would be appealable to the court of competent jurisdiction in accordance with A.C.A. § 14-14-1106 (1987).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The county judge acts as an administrative officer in paying claims under the established procedures. See Mears v. Hall, 263 Ark. 827,569 S.W.2d 91 (1978) and Venhaus v. Pulaski County Quorum Court,291 Ark. 558, 726 S.W.2d 668 (1987).