The Honorable Jim Hill State Senator 100 Center Nashville, AR 71852-3821
Dear Senator Hill:
This is in response to your request for an opinion on the following questions:
 1. Does the County Clerk have the authority to withhold the Pike County Sheriff's payroll check until sometime after payday because the Sheriff's employees timesheets (records of hours worked) are not on file with the County Clerk within a specific period of time. If yes, then how long can the County Clerk withhold the Sheriff's payroll check? If no, is it illegal to do so, and what laws or regulations address this matter?
 2. Does the County Clerk have the authority to dictate a deadline to have timesheets of salaried employees submitted to the County Clerk's office when the Sheriff has already documented with the Clerk the weekly wage said employees are to receive? If yes, within what parameters must the deadline be determined?
It is my understanding, with regard to your first question, that this involves the Sheriff's individual pay check, and not the pay checks of employees within the Sheriff's Department. It is my opinion in this regard that the County Clerk lacks authority to withhold the Sheriff's pay check. The Sheriff is an elected constitutional executive officer.See Ark. Const. art. 7, § 46. His compensation is set within a minimum and maximum determined by law. See Ark. Const. amend. 55, § 5 and A.C.A. § 14-14-1204(d) (Supp. 1997). Although the County Clerk is also elected under the Constitution (Ark. Const. art. 7, 19 and amend. 41), my research has yielded no authority for the proposition that the County Clerk can independently impose conditions upon the Sheriff's receipt of his appropriated salary.
It is therefore my opinion that the answer to the first part of your first question is "no." A response to the second part of this question is therefore unnecessary. With regard to the last part of this question, it is "illegal" in the sense that, in my opinion, the Clerk lacks the authority to withhold the Sheriff's pay. There are no specific laws or regulations addressing this matter.
It is my opinion that the answer to your second question will likely depend upon the particular facts and circumstances surrounding the County Clerk's actions in this regard.[1] As a general matter, however, it is my opinion that the answer is "no," unless perhaps the Clerk is acting on behalf of the County Court or is otherwise assisting the Court in connection with the Court's authority and responsibility, discussed more fully below, to approve all claims for the payment of county funds.
Reference must be made in this regard to A.C.A. § 14-14-1102 which, as noted by the Arkansas Supreme Court in Venhaus v. Pulaski County QuorumCourt, 291 Ark. 558, 726 S.W.2d 668 (1987), "elaborates on the procedures to be followed by the county judge in this regard when he authorizes and approves disbursements." 291 Ark. at 561. In accordance with §14-14-1102(b)(2), before approving any voucher for the payment of county funds, the county judge "or his designated representative" must, interalia, determine that "[t]he goods or services for which expenditure is to be made have been rendered and the payment thereof has been incurred in a lawful manner and is owed by the county. A.C.A. §14-14-1102(b)(2)(B)(iv).
There are no other provisions, nor am I aware of any state regulations, elaborating further upon this approval process. I have previously opined with regard to § 14-14-1102(b)(2)(B)(iv) that:
 [t]his provision . . . would prohibit the approval of payroll prior to the completion of work for which it is issued. It would not necessarily preclude `preparation' of the payroll prior to this date, but would require the work to have been performed prior to the county judge approving any vouchers. . . .
Op. Att'y Gen. 95-081 at 2.
You have not indicated whether the County Clerk's actions in dictating a deadline for timesheets would be on behalf of the County Court or otherwise in furtherance of the County Court's authority and responsibility to approve all claims for the payment of county funds. I believe this is a critical factor in determining the exact parameters of the Clerk's authority, if any, in this regard. Clearly, services must be rendered before payment can be approved. A.C.A. §14-14-1102(b)(2)(B)(iv), supra. And requiring the submission of timesheets would arguably be an effective means of determining whether the services have been rendered, even as to salaried employees, given the potential effect of such factors as leave time. If, in fact, the Clerk is requiring the timesheets as necessary documentation for the County Court's review and approval of payment, then it may well be that such a requirement would be upheld. But it is also my opinion that the Clerk generally lacks independent authority, i.e., authority independent of the County Judge, to make the required determinations under §14-14-1102(b)(2)(B).[2] In other words, it is generally not the County Clerk's role or function to impose systems or methods for ensuring that payment is lawfully owing. Thus, unless the County Clerk is the County Judge's "designated representative" (see n. 1, supra), I believe there would have to be some showing that the Clerk was acting under the direction of or at least with the approval of the County Judge in dictating a deadline for the submission of timesheets. In the absence of such a showing, it is my opinion that the Clerk does not have the authority to impose such a requirement.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] You have not indicated that the submission of time sheets is required pursuant to any local ordinance. I assume, therefore, that this matter is not addressed by ordinance. Please note in this regard that I have previously opined that an ordinance requiring the submission of time sheets would likely be upheld. Op. Att'y Gen. 92-073.
[2] The exception to this would be if the Clerk was appointed as the County Judge's "designated representative" under §14-14-1102(b)(2)(A)(i). The Clerk in that instance would, it seems, have plenary authority to impose whatever requirements were deemed necessary to determine whether payment is owing in accordance with §14-14-1102(b)(2)(B), the full text of which provides:
 (B) Before approving any voucher for the payment of county funds, the county judge, or his designated representative, shall determine that:
 (i) There is a sufficient appropriation available for the purpose and there is a sufficient unencumbered balance of funds on hand in the appropriate county fund to pay therefor;
 (ii) The expenditure is in compliance with the purposes for which the funds are appropriated;
 (iii) All state purchasing laws and other state laws or ordinances of the quorum court are complied with in the expenditure of the moneys;
 (iv) The goods or services for which expenditure is to be made have been rendered and the payment thereof has been incurred in a lawful manner and is owed by the county.