Charles Rayford HUDSON, Sr. *v.* Charles Rayford HUDSON, Jr.

82-223 and 82-86                    641 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered October 18, 1982
[Rehearing denied November 22, 1982.]

*Henry & Duckett,* by: *David P. Henry,* for appellant.

*Bob Dawson,* for appellee.

RICHARD B. ADKISSON, Chief Justice. Two separate appeals arising from the same trial court case are consolidated in this opinion. Both will be disposed of by a construction of Rule 3 (e), Rules of Appellate Procedure, Ark. Stat. Ann., Vol. 3A (Repl. 1979), which provides:

(e) Content of Notice of Appeal or Cross-Appeal. A notice of appeal or cross-appeal shall specify the party or parties taking the appeal, shall designate the judgment, decree, order or part thereof appealed from and shall designate the contents of the record on appeal. *The notice shall also contain a statement that the*

*transcript or specific portions thereof, have been ordered by the appellant.* (Emphasis supplied)

The record reflects that the final decree was entered in this case on September 16, 1981; that the "notice of appeal and designation of record" was filed on September 24:

. . . .

Appellant (Appellee herein) hereby designates the entire record, and all proceedings, exhibits, evidence, and documents introduced in evidence to be contained in the record on appeal.

The notice did not contain a statement that the transcript had been ordered, and on November 13 appellee filed a motion to dismiss the appeal for failure to include such a statement. The transcript was finally ordered from the reporter on December 7, 1981.

The provision for ordering the transcript under Rule 3 (e) has been construed to be satisfied by substantial compliance, provided the appellee has not been prejudiced or misled by the failure to strictly comply with the rule. *Brady v. Alken, Inc.,* 273 Ark. 147, 617 S.W.2d 358 (1981); *Davis v. Ralston Purina Co.,* 248 Ark. 14, 449 S.W.2d 709 (1970). However, we stated in *Brady, supra,* that:

. . . Our view is that if for any reason counsel are not able to state in the notice of appeal that the transcript or portions of it have been ordered, the proper practice would be for an appropriate explanation to be included in the notice of appeal. . . .

Here, there was no compliance with the pertinent provision of Rule 3 (e), substantial or otherwise. The rule was totally ignored. The trial court erred in not dismissing the appeal for failure to file a proper notice of appeal; therefore, the appeal is dismissed and the trial court's final decree of September 16 is affirmed.

Reversed in part; affirmed in part.

PURTLE and HAYS, JJ., not participating.