Lyndell APPLETON-RICE, Guardian of the Estate
of Mary Ella DAVIS, an Incompetent *v.*
Dr. Joe CRUMPLER, Dr. Douglas LOWERY,
and Dr. David WILLIAMS

83-140                                              ___ S.W.2d ___

Supreme Court of Arkansas
Opinion delivered June 13, 1983

*Edward Gordon,* for petitioner.

*W. A. Eldredge,* for respondent.

PER CURIAM. Appellant has filed a Petition for Writ of Certiorari requesting a 60-day extension of time from June 6, 1983, to complete and file the record on appeal, alleging that the extension is needed for the court reporter to be able to prepare the transcript. Appellees have filed a brief in opposition and asked that the writ be denied and the case dismissed.

On November 12, 1982, judgment was entered in this case in the trial court. On December 7, 1982, notice of appeal and designation of the record was filed by appellant. The notice of appeal did not contain a statement that the designated portions of the transcript had been ordered from the court reporter as required by Rule 3 (e), Rules of Appellate Procedure, Ark. Stat. Ann., Vol. 3A (Repl. 1979).

On February 16, 1983, appellant filed a motion to extend time to prepare and file the transcript of the proceedings stating that "the court reporter has advised that she will need the full seven (7) months to prepare and file the

transcript of the proceedings." This motion was granted on February 16; the trial court extended the time for filing the transcript until June 6, 1983; but, contrary to the requirement of Rule 5 (b), Rules of Appellate Procedure, Ark. Stat. Ann., Vol. 3A (Repl. 1979), the trial court did not find "that a reporter's transcript of such evidence or proceeding has been ordered by appellant. . . ."

This court had occasion to rule on this precise issue in *Hudson* v. *Hudson,* 277 Ark. 183, 641 S.W.2d 1 (1982):

> The provision for ordering the transcript under Rule 3 (e) has been construed to be satisfied by substantial compliance, provided the appellee has not been prejudiced or misled by the failure to strictly comply with the rule. *Brady* v. *Alken, Inc.,* 273 Ark. 147, 617 S.W.2d 358 (1981); *Davis* v. *Ralston Purina Co.,* 248 Ark. 14, 449 S.W.2d 709 (1970). However, we stated in *Brady, supra,* that:
>
> > . . . Our review is that if for any reason counsel are not able to state in the notice of appeal that the transcript or portions of it have been ordered, the proper practice would be for an appropriate explanation to be included in the notice of appeal. . . .
>
> Here, there was no compliance with the pertinent provisions of Rule 3 (e), substantial or otherwise. The rule was totally ignored. The trial court erred in not dismissing the appeal for failure to file a proper notice of appeal. . . .

On February 17, 1983, appellees filed a Motion to Dismiss Appeal in the trial court on the basis that the appellant had failed to comply with Rule 3 (e) in filing his notice of appeal. The trial court erred in not dismissing the appeal because appellant failed to follow the requirement of Rule 3 (e) in filing the notice of appeal. Appellees have renewed their motion to dismiss in this court based on Rule 3 (e) which should be granted.

The appeal is dismissed and the trial court's final decree of November 12, 1982, is affirmed.

HOLT, PURTLE and HAYS, JJ., would grant petition.