Bryan Patrick JOHNSON *v.* Carey CARPENTER, J.C.
PENNEY LIFE INSURANCE CO. and ALLSTATE
INSURANCE CO.

86-77                                          718 S.W.2d 434

Supreme Court of Arkansas
Opinion delivered November 3, 1986

*Thomas A. Martin*, for appellant.

*Howell, Price, Trice, Basham & Hope, P.A.*, by: *Dale Price*, for appellee.

DAVID NEWBERN, Justice. The will of Monica Catherine Johnson was admitted to probate. The will named appellee Carey Carpenter or the High Foundation, of which Carpenter was a principal officer, as the main beneficiaries. The appellant, Bryan Patrick Johnson, the son of the decedent, challenged the will as having been the result of fraud or undue influence practiced upon his mother by Carpenter. The probate judge held the will was void. The effect of that holding was that Mrs. Johnson died intestate and appellant Johnson was her sole heir.

Mrs. Johnson had also taken out a number of life and accident insurance policies naming Carpenter or the High Foundation as beneficiaries. Appellant Johnson asked the chancery court, in cases contemporaneous with the will contest, to set aside those beneficiary designations. That was done by the chancellor who, by consent of the parties, consolidated the chancery and probate matters. Thus the validity of the will and of the insurance policy beneficiary designations were considered together.

The insurance companies interpleaded and filed the basic coverage amounts due under their respective policies in the registry of the court. The only issues addressed in the chancellor's final order with respect to the appellees J. C. Penney Life Insurance Co. and Allstate Insurance Co. arise from the chancellor's determination that Mrs. Johnson's estate is not entitled to extra indemnity and statutory penalties against those companies.

The chancellor and probate judge entered his order in favor of Johnson and against Carpenter on the will and beneficiary

designations and for the insurance companies on the extra indemnity and penalty clauses on September 30, 1985. Carpenter filed a timely new trial motion on October 7, 1985, which was denied at a hearing held November 7, 1985. Carpenter filed his notice of appeal from "the Order of the Chancery and Probate Judge" on November 15, 1985. That notice listed, by style and number, all the chancery cases as well as the probate case. On November 22, 1985, Johnson filed a "Notice of Cross Appeal" which also listed all the cases but limited the issues to the chancellor's decisions that J. C. Penney and Allstate did not owe the alleged extra indemnity and penalties.

On December 11, 1985, Johnson filed in the chancery and probate courts a motion to dismiss Carpenter's appeal on the grounds that Carpenter's notice of appeal failed to designate a record, was not properly served upon Johnson, and failed to state that a transcript of the record had been ordered, and that no transcript had in fact been ordered, thus making Carpenter's notice of appeal deficient in the light of the requirements of Ark. R. App. P. 3(e) and (f).

The judge denied the motion and extended the time for filing the record here to seven months from the entry of judgment. Ark. R. App. P. 5(b). It is from the denial of the motion and the granting of the extension of docketing time that Johnson has appealed. Appellee Allstate Insurance Co. has filed a brief asking that we dismiss Johnson's "cross appeal" against it because it is not a cross appeal but an original appeal which was not timely filed.

We find that the motion by Johnson to dismiss Carpenter's appeal was not properly before the trial court. Therefore, we will treat Johnson's appeal as a motion before this court to dismiss Carpenter's appeal. We deny the motion for the reasons stated below. We dismiss Johnson's purported cross appeal against Allstate and J. C. Penney because we find it was not a cross appeal but an original appeal not filed in time.

## 1. Motion to dismiss appeal

The argument made by Johnson to the trial judge and pursued here is that there had been no designation of the record by Carpenter in his notice of appeal and Carpenter had not, in

fact, ordered the transcript as required by Ark. R. App. P. 3. Carpenter's notice of appeal stated that he had ordered the transcript of the proceedings. At the hearing on Johnson's motion to dismiss Carpenter's appeal, evidence showed that there was a misunderstanding between Carpenter and the court reporter about whether he had ordered the transcript. Carpenter's attorney was apparently advising Carpenter to order the transcript personally from the reporter so that he, the attorney, would not become financially responsible to the reporter. Eventually, the attorney and the reporter communicated, and the transcript was ordered on the reporter's terms with respect to payment.

■ Johnson relies on *Hudson* v. *Hudson*, 277 Ark. 183, 641 S.W.2d 1 (1983), in which we held it was fatal to an appeal where Ark. R. App. P. 3(e) was "totally ignored" by the appellant. In that case we recognized, however, that substantial compliance with the rule is sufficient, citing *Brady* v. *Alken, Inc.*, 273 Ark. 147, 617 S.W.2d 358 (1981); *Davis* v. *Ralston Purina Co.*, 248 Ark. 14, 449 S.W.2d 709 (1970).

This is not a case in which the rule has been totally ignored, otherwise there would have been no statement in Carpenter's notice of appeal that he had ordered the transcript. As the testimony showed, there was a misunderstanding. It may have been caused by Carpenter or his lawyer, but that is not the issue. Rather, as we said in *Brady* v. *Alken, Inc., supra*, the question is one of substantial compliance, and we find that here.

Nor do we find any prejudice to Johnson resulting from the delay in getting the transcript ordered. Johnson contends that it should have been ordered on November 17, 1985, but was not ordered in fact until December 13, or 23, 1985, and that any time one party gets the advantage of a delay it of necessity disadvantages his adversary. We can see no such necessity, and absent some kind of convincing argument showing prejudice, we will not hold that it exists.

■ As to the failure to specify in the notice of appeal the portions of the transcript being ordered, again we find no prejudice to Johnson. From Carpenter's notice of appeal and from the testimony at the hearing it is apparent that the entire transcript has been ordered from the reporter. Johnson has not shown or even argued that the failure to designate has prejudiced

him. Rather, Johnson argues that the failure to comply with Ark. R. App. P. 3(e) in this respect should bar Carpenter's appeal. In making this point, Johnson cites only two cases. The first is *Brady* v. *Alken, Inc., supra*, where we quoted the following from *Davis* v. *Ralston Purina Co., supra*: "The filing of a notice of appeal is jurisdictional, but irregularities in the other procedural steps . . . are merely grounds for such action as *this court* deems appropriate." 273 Ark. at 151, 617 S.W.2d at 360, emphasis supplied. Just as in *Brady* v. *Alken, Inc., supra*, Johnson has not shown any manner in which the failure of Carpenter to designate the record has prejudiced him.

■ Arguing that a "defective" notice of appeal is a bar to the pursuit of an appeal by Carpenter, Johnson cites *Burris* v. *Burris*, 278 Ark. 106, 643 S.W.2d 570 (1982). That is a *per curiam* order in which we held that even in the event of unavoidable casualty the failure to file a timely notice of appeal deprives this court of jurisdiction. Here we have no such failure.

■ Our holding that a showing of prejudice on irregularities other than failure to file a timely notice of appeal is necessary and is to be made in this court is buttressed by *Ragan* v. *Venhaus*, 289 Ark. 266, 711 S.W.2d 467 (1986). There the appellant had designated portions of the record but had failed in his notice of appeal to state points of appeal as required by Ark. R. App. P. 3(g). The appellee filed a motion to dismiss the appeal which was granted by the chancellor. The appellant filed a second notice of appeal, designating points to be relied upon, both from the original judgment and from the dismissal of the first appeal. The chancellor ordered dismissal and purported to limit the issue on appeal to whether she had erred in dismissing the initial notice of appeal. We allowed a full appeal pointing out that the purpose of Rule 3(g) is to prevent prejudice and none was shown.

■ We are troubled by the apparent misunderstanding to the effect that trial judges may dismiss appeals. While we give the trial court the authority to extend the time for docketing the record with us or with the court of appeals, our rules of appellate procedure do not confer on the trial court the power to dismiss appeals. Those rules, as we said of the comparable statutes in *Davis* v. *Ralston Purina Co., supra*, and again about the rules in *Brady* v. *Alken, Inc., supra*, are for *this court* to apply. Nine times

out of ten we will be able to decide the question of timeliness of a notice of appeal, or prejudicial failure to comply with other requirements, from the record before us. If that is not the case, we may remand the case so that a record on the matter at issue may be made in the trial court, but we do not ask the trial courts to determine who may and who may not appeal the trial courts' decisions. Although the issue of appealability was thus not properly before the chancellor and probate judge, we reach the same conclusion he did. Treating Johnson's appeal from that order as a motion to dismiss Carpenter's appeal, we deny the motion.

### 2. The "cross appeal"

Johnson's attempt to appeal the ruling that Allstate Insurance Co. and J. C. Penney Life Insurance Co. did not owe the extra indemnity or the penalty was not timely. He contends it is a cross appeal and thus he had ten days from the date Carpenter filed his notice of appeal against Johnson. Ark. R. App. P. 4(a).

█ Assuming Johnson had standing to appeal the finding in favor of Allstate and J. C. Penney on the extra indemnity and statutory penalty matters, those issues are entirely separate from the controversy between Johnson and Carpenter. If the matter sought to be appealed is separate from that which has been appealed in a timely manner, it should be the subject of an original appeal, and it may not be made timely by its denomination as a cross appeal. *Myers* v. *Linebarger*, 144 Ark. 389, 222 S.W. 220 (1920); *Porter* v. *Morris*, 131 Ark. 382, 199 S.W. 106 (1917). *See also Gill* v. *Hedgecock*, 207 Ark. 1079, 184 S.W.2d 262 (1944).

██ A notice of appeal must be filed within thirty days from the entry of the judgment or decree appealed from. Ark. R. App. P. 4(a). If a motion for a new trial is made and denied, ". . . any party desiring to appeal from the judgment, decree or order originally entered shall have ten (10) days from the entry of the order denying the motion . . . within which to give notice of appeal. . . ." Ark. R. App. P. 4(d). If Johnson had standing to appeal the claims for extra indemnity and penalties against the insurance companies, the deadline for his notice of appeal would have been ten days after the entry of the denial of Carpenter's new trial motion. The denial of the new trial motion was entered on

November 7, 1985. Johnson's "Notice of Cross Appeal" was filed November 22, 1985.

Johnson's appeal of the order denying recovery against Allstate and J. C. Penney is dismissed.