Melvin PHILLIPS *v.* Joe LaVALLE

CA 86-159                                        737 S.W.2d 652

Supreme Court of Arkansas
Opinion delivered October 19, 1987

*Richard McMillan*, for appellant.

No response.

TOM GLAZE, Justice. The court of appeals certified this case to us pursuant to Rule 29(1)(c) because it involves the interpretation or construction of Rule 3(e) of the Rules of Appellate Procedure. The court of appeals earlier had reversed the trial court's order granting appellee's, Joe LaValle's, timely notice of appeal and designation of record because Phillips failed to specifically state in the notice that the transcript had been ordered from the court reporter, as is provided in Rule 3(e). The court of appeals, relying on *Venhaus* v. *Pulaski County Quorum Court*, 291 Ark. 558, 726 S.W.2d 668 (1987) and *Johnson* v. *Carpenter*, 290 Ark. 255, 718 S.W.2d 434 (1986), reversed the trial court's order, holding the court had no power to dismiss an appeal. LaValle, still claiming Phillips's failure to comply with Rule 3(e), then filed his motion to dismiss with the court of appeals. Upon that court's certification, we are now called on to rule on LaValle's motion. We deny it.

Phillips timely filed his notice of appeal on January 30, 1986, but the notice failed to mention the ordering of the transcript. Nonetheless, Phillips did order the transcript on February 12, 1986, thirteen days after filing his notice of appeal. The court reporter later informed Phillips's counsel that she could not start on the transcript before March 1986. Clearly, Phillips's counsel acted promptly in ordering the transcript and his failure to mention he had ordered it in his notice of appeal in no way delayed this proceeding or in any way frustrated the purpose of Rule 3(e). Our decision in *Wise* v. *Barron*, 280 Ark. 202, 655 S.W.2d 446 (1983) controls the situation posed here and dictates the court's decision, denying LaValle's motion to dismiss. *See also Johnson* v. *Carpenter, supra.*

HAYS, J., not participating. HICKMAN and NEWBERN, JJ., would grant.