Rosemary McELROY and David McElroy *v.* AMERICAN MEDICAL INT'L, INC.

88-154                                      763 S.W.2d 89

Supreme Court of Arkansas
Opinion delivered January 30, 1989

*George H. Bailey*, for appellant.

*Friday, Eldredge & Clark*, by *Calvin J. Hall*, for appellee.

STEELE HAYS, Justice. The question is whether appellants substantially complied with Arkansas Rules of Appellate Procedure Rule 3(e). Concluding that substantial compliance was lacking, we dismiss the appeal.

This medical malpractice case resulted in a verdict for St. Mary's Hospital and Dr. Finley Turner (defendants-appellees). After a motion for a new trial was denied, Rosemary and David McElroy (plaintiffs-appellants) filed a timely notice of appeal. Appellants designated the entire record and, as required by ARAP Rule 3(e), declared that the transcript had been ordered from the court reporter. Subsequently the appellees moved to dismiss the appeal, and after a hearing, the trial court granted the motion. Appellants have appealed from that order.

We begin by pointing out that we have held in several recent cases that only appellate courts have authority to dismiss

an appeal. In *Johnson* v. *Carpenter*, 290 Ark. 255, 718 S.W.2d 434 (1986), we said:

> We are troubled by the apparent misunderstanding to the effect that trial judges may dismiss appeals. While we give the trial court the authority to extend the time for docketing the record with us or with the court of appeals, our rules of appellate procedure do not confer on the trial court the power to dismiss appeals. Those rules, as we said of the comparable statutes in *Davis* v. *Ralston Purina Co.*, *supra*, and again about the rules in *Brady* v. *Alken, Inc.*, *supra*, are for *this court* to apply. Nine times out of ten we will be able to decide the question of timeliness of a notice of appeal, or prejudicial failure to comply with other requirements, from the record before us. If that is not the case, we may remand the case so that a record on the matter at issue may be made in the trial court, but we do not ask the trial courts to determine who may and who may not appeal the trial courts' decisions. Although the issue of appealability was thus not properly before the chancellor and probate judge, we reach the same conclusion he did. Treating Johnson's appeal from that order as a motion to dismiss Carpenter's appeal, we deny the motion.

Not long afterwards that principle was repeated in *Venhaus* v. *Pulaski County Quorum Court*, 291 Ark. 558, 726 S.W.2d 668 (1987):

> In *Estes* v. *Masner*, 244 Ark. 797, 427 S.W.2d 161 (1968), this court stated that "[i]t is true that once an appeal is taken to, and docketed in, this court, the trial court is deprived of jurisdiction to further act in this matter." Again in *Brady* v. *Alken, Inc.*, 273 Ark. 147, 617 S.W.2d 358 (1981), this court held:
>
> > We first consider the contention that the trial court erred in dismissing the appeal. There is no question that the trial court still had jurisdiction of the case when the order of dismissal was entered because the record had not yet been lodged in the appellate court.
>
> *Brady* and *Estes* indicate that a trial court retains jurisdiction as long as the record has not been lodged in the

appellate court. However, this court recently announced an absolute rule prohibiting a trial court from ever dismissing an appeal. In *Johnson* v. *Carpenter*, 290 Ark. 255, 718 S.W.2d 434 (1986), we explained that "our rules of appellate procedure do not confer on the trial court the power to dismiss appeals. Those rules . . . are for *this court* to apply." (emphasis in original). Accordingly, the chancellor erred in dismissing Venhaus's appeal.

■ Thus the rule is firmly settled that a motion to dismiss an appeal is not proper in the trial court. Nevertheless, we can treat such a motion as having been made in this court. *Johnson* v. *Carpenter, supra.*

This record establishes the following: Notice of appeal was dated March 2, and filed March 7, 1988. As required by Rule 3(e) the notice designated the entire record "and all proceedings, exhibits, evidence and documents introduced into evidence" and contained the requisite statement that the transcript had been ordered from the court reporter. It is undisputed that no order for the transcript had been made when the notice of appeal was filed.

On March 30, appellants contacted the court reporter by telephone to state that an amended designation of the record would be filed in the future but no order for the transcript was given. On April 11, appellants wrote to the court reporter designating lesser portions of the transcript. This letter, which was received by the court reporter on April 18, constitutes the *initial* order for the transcript. On May 10, points to be relied on were mailed to appellees and on May 16, the points to be relied on were filed. On May 31, a motion for an extension of time was filed and granted to July 1. Appellees moved to dismiss the appeal on June 13.

■■ Where the notice of appeal fails to state that the transcript has been ordered, but it has in fact been ordered, we have not been disposed to dismiss an appeal for what may be seen as an inadvertent omission of the language required under Rule 3(e). *Phillips* v. *LaValle*, 293 Ark. 364, 737 S.W.2d 652 (1987). But where the facts show that the appellant has failed to order the transcript in a timely manner we have held that substantial compliance is lacking. *Hudson* v. *Hudson*, 277 Ark. 183, 641 S.W.2d 1 (1983); *Appleton-Rice* v. *Crumpler*, 279 Ark. 450, 655

S.W.2d 1 (1983); *Phillips* v. *Marianna Ford Tractor, Inc.*, 290 Ark. 75, 716 S.W.2d 763 (1986).

Here, we are confronted with a situation not previously seen — the appellants affirmatively, but falsely, state that the transcript has been ordered when in fact it has not. Nor was such misstatement promptly corrected by a timely order for the transcript. Indeed, it was another five weeks before the court reporter was actually notified that a transcript was ordered. This not only operates to delay the appeal process, which Rule 3(e) was intended to prevent, but smacks of a deception on the court and opposing counsel.

Appellants rely most heavily on *Johnson* v. *Carpenter, supra*. But there there was a misunderstanding between counsel for appellants and the court reporter, the implication being that there was a timely order for the transcript. Here, there was no misunderstanding, nor any potential miscommunication. The court reporter's testimony that April 18 was when the transcript was actually ordered by appellants was not refuted.

Appellees charge the appellants with an on-going pattern of delay: that appellants' motion for a new trial contained a certificate of service upon appellees as of February 9, 1988, yet appellants delayed serving the motion upon appellees until February 22; that when appellants wrote the trial judge on February 19, concerning the motion for a new trial they requested that a hearing be delayed for some ninety days; that when appellants filed an amended designation of record the designation was equivocal, purporting to reserve the right to designate additional testimony at some future time; that not until May 16, some two and one-half months after the notice of appeal, did the appellants file the points to be relied upon, which, under Rule 3(g) should accompany the notice of appeal where less than the entire record is designated. In short, we have no difficulty determining that appellants' actions were calculated to cause a material delay in the appeal process and constituted a failure to substantially comply with Rule 3(e).

Appeal dismissed.

DUDLEY, J., not participating.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I think it would be helpful for an understanding of this dissent to set out the dates of the various notices and motions in chronological order.

March 7, 1988. Timely notice of appeal was filed.

March 30, 1988. Attorney for appellants contacted court reporter about amending the designation of record.

April 11, 1988. Attorney wrote reporter designating less than the entire record.

April 18, 1988. The court reporter received the letter of April 11, 1988.

May 10, 1988. Points to be relied upon were mailed to appellees.

May 31, 1988. Motion for extension of time to complete the record filed.

June 13, 1988. Motion to dismiss appeal filed in trial court.

June 28, 1988. The trial court dismissed appellants' appeal.

From the foregoing it can be seen that within thirty days after notice of appeal and designation of the entire record, the appellant contacted the court reporter about amending the designation of record to include less than the entire transcript. The court reporter acknowledged the telephone contact and also that she received a letter confirming the redesignation six days later. The amended designation of record was filed on April 15, 1988, and an appendix thereto was filed on May 16, 1988. The appellants filed the designation of points on May 16, 1988, and a motion for an extension of time within which to lodge the record on May 31, 1988. On June 13, 1988, shortly after the original ninety days had expired, the appellees filed a motion to dismiss the appeal. The proper procedure at this point would have been to file a response to the motion for extension of time, objecting to an extension. Incidentally, the motion to dismiss the appeal was filed in the wrong court. Nevertheless it has been treated as if it has been properly filed.

The laws and our decisions are basically designed to search for truth and justice. It is not always possible to obtain either of

these goals. Although we come close at times, this is not one of them.

We have on numerous occasions in recent years held that trial courts are without authority to dismiss an appeal. The majority rely on Rule 3(e) of the Rules of Appellate Procedure and *Phillips* v. *LaValle*, 293 Ark. 364, 737 S.W.2d 652 (1987), to support their decision. In *Phillips* the notice of appeal did not state that the record or transcript had been ordered. Two weeks later the transcript was actually ordered. The reporter informed the appellant that work on the transcript could not be started until March, 1986, about two months after the original notice of appeal. The trial court refused to dismiss the appeal. We also refused to dismiss the appeal, stating:

> Clearly, Phillips's counsel acted properly in ordering the transcript and his failure to mention he had ordered it in his notice of appeal in no way delayed this proceeding or in any way frustrated the purpose of Rule 3(e). Our decision in *Wise* v. *Barron*, 280 Ark. 202, 655 S.W.2d 446 (1983) controls the situation posed here and dictates the court's decision, denying LaValle's motion to dismiss.

The court relies heavily on *Johnson* v. *Carpenter*, 290 Ark. 255, 718 S.W.2d 434 (1986), wherein we held that trial judges do not have the authority to dismiss an appeal. However, we said, as an afterthought, that this court could treat an appeal from such a motion as if the motion to dismiss the appeal had been filed in this court. However, we denied the motion in *Johnson*.

The majority also relies on *Venhaus* v. *Pulaski County Quorum Court*, 291 Ark. 558, 726 S.W.2d 668 (1987). The quote from *Venhaus* is really on point. The *Venhaus* opinion stated:

> However, this court recently announced an absolute rule prohibiting a trial court from ever dismissing an appeal. In *Johnson* v. *Carpenter*, 290 Ark. 255, 718 S.W.2d 434 (1986), we explained that "our rules of appellate procedure do not confer on the trial courts the power to dismiss appeals. Those rules . . . are for *this court* to apply."

We held that the chancellor erred in dismissing Venhaus' appeal. The clear holding in *Venhaus* was that trial courts cannot dismiss an appeal. The dicta in *Johnson* was not observed in the *Venhaus*

opinion.

The majority opinion also relies on *Hudson* v. *Hudson*, 277 Ark. 183, 641 S.W.2d 1 (1982). In *Hudson* the notice of appeal did not state that the transcript had been ordered. The notice of appeal was filed on September 24, 1981, and it was not until December 7, 1981, after a motion to dismiss had been filed by the appellee, that appellant ordered the transcript from the reporter. The *Hudson* opinion clearly stated that there had not been substantial compliance with Rule 3(e). In disposing of the case this court stated:

> The provision for ordering the transcript under Rule 3(e) has been construed to be satisfied by substantial compliance, provided the appellee has not been prejudiced or misled by the failure to strictly comply with the rule. *Brady* v. *Alken, Inc.*, 273 Ark. 147, 617 S.W.2d 358 (1981); *Davis* v. *Ralston Purina Company*, 248 Ark. 14, 449 S.W.2d 709 (1970). However, we stated in *Brady, supra*, that:
>
> > Our view is that if for any reason counsel are not able to state in the notice of appeal that the transcript or portions of it have been ordered the proper practice would be for the appropriate explanation to be included in the notice of appeal.

277 Ark. 184.

In *Brady* v. *Alken*, supra, we stated:

> Under prior case law, the question of whether an appeal should be dismissed for want of strict compliance with the statutes and rules turned on whether the appellee was prejudiced by the irregularity. *Davis* v. *Ralston Purina Co.*, 248 Ark. 14, 449 S.W.2d 709 (1970); *Pine Bluff National Bank* v. *Parker*, 253 Ark. 966, 490 S.W.2d 457 (1973); *Harbor* v. *Campbell*, 235 Ark. 492, 360 S.W.2d 758 (1962). Since the purpose of the Rules of Appellate Procedure was basically to revise and condense prior statutory law, and the Rules were adopted for the purpose of expediting appeals, it appears that prior cases would be persuasive in this matter. In *Davis* v. *Ralston Purina Co.* we stated:

. . . The filing of a notice of appeal is jurisdictional, but irregularities in the other procedural steps . . . are merely grounds for such action as this court deems appropriate.

In the present case we do not find that the irregularity in any manner prejudiced or misled the appellee.

Without unduly prolonging this dissent I wish to point out that there is no evidence of prejudice to the appellees or any party in this case. There is no question but that the appellants substantially complied with our rules. Therefore, the appeal should not be dismissed.