Michael SALAMO *v.* SUPREME COURT COMMITTEE
ON PROFESSIONAL CONDUCT

RC 89-62                                           783 S.W.2d 858

Supreme Court of Arkansas
Opinion delivered February 12, 1990

*Michael Salamo*, pro se.

*Rudy Moore, Jr., P.A.*, for appellee.

PER CURIAM. The appellee, Supreme Court Committee on Professional Conduct, moves to dismiss the appellant's appeal, stating appellant failed to comply with Rules 3(e) and 6(b) of the Rules of Appellate Procedure. In sum, appellee asserts that, on October 25, 1989, the appellant filed a notice of appeal containing a statement that he ordered a transcript when, in fact, he failed to order it. Appellee submits with its motion the court reporter's affidavit, dated January 10, 1990, reflecting the appellant had never requested the transcript. Appellee's executive director also avers appellant made no request for the transcript. The director further states that, by letter dated November 2, 1989, he had notified the appellant that it was appellant's responsibility to order the transcript. While at one point in his reply to appellee's motion, appellant suggests that a misunderstanding may have arisen as to whether he had requested the transcript in a telephone conversation he had with the director on October 23, 1989, appellant clearly states he ordered the transcript on January 15, 1990. This assertion is consistent with the court reporter's affidavit dated January 10, 1990, that no request had been made.

Appellant's response to appellee's motion to dismiss deals largely with his claims that he had never received notice of his former client's complaint filed against him, nor did he receive notice of the appellee's hearing on that complaint which was conducted before the appellee on September 9, 1989. Bearing on appellee's motion, appellant states that, in his telephone conversation with appellee's director on October 23, 1989, he asked the

appellee to certify its entire case file so the file could be docketed with this court as a part of the record in this appeal. He needed the file information, he suggests, to make his constitutional and other arguments pertaining to the appellee's failure to give him the required legal notice. Appellee in no way denies appellant's claim that he directed his efforts to have appellee's case file made a part of the record in this appeal.

In *Hudson* v. *Hudson*, 277 Ark. 183, 641 S.W.2d 1 (1982), we held it was fatal to an appeal when Ark. R. App. P. 3(e) was totally ignored by the appellant. We have, however, recognized that substantial compliance with the rule is sufficient. *Johnson* v. *Carpenter*, 290 Ark. 255, 718 S.W.2d 434 (1986).

Here, appellant timely filed his notice of appeal, stating he had ordered the transcript. From the pleadings and affidavits before us, appellant did not order the transcript from the reporter on or before filing the notice. *See* Ark. R. App. P. 6(b). Appellee's director, by letter dated November 2, 1989, notified appellant that it was his responsibility to order and pay for the transcript. Again, he failed to do either, at least until January 15, 1990, on which date he claims he telephoned the court reporter and requested it. We note that, even if appellant's January 15th request was made, it was only after the appellee filed its motion to dismiss appellant's appeal on January 12, 1990. We simply do not agree appellant's actions show that he substantially complied with Rule 3(e). Therefore, we grant appellee's motion to dismiss the appeal. As a consequence, we deny appellant's petition for writ of certiorari to complete the record and his motion for extension of time.

Appeal dismissed.