ROBIN F. WYNNE, Associate Justice hRandeep S. Mann appeals following entry of an order by the Crittenden County Circuit Court granting partial summary judgment in favor of Dr, Trent Pierce and Melissa Pierce as to liability for tort claims the Pierces brought against Mann. A. jury subsequently determined that the Pierces had sustained damages in the amount of $122,600,000, and the circuit court entered a judgment in that amount. Mann argues that the circuit court erred in applying the doctrine of offensive collateral estoppel in granting partial summary judgment on liability in favor of the Pierces. Our court of appeals certified this case to us. Thus, our jurisdiction lies pursuant to Rule 1—2(d) of the Rules of the Arkansas Supreme Court and Court of Appeals. We'affirm. On the morning of February 4, 2009, Dr. Trent Pierce, who was then the chairman of the Arkansas State Medical Board (Board), was scheduled to travel from his home in West Memphis to Little Rock to attend a Board meeting. Before getting into his vehicle, Dr. Pierce noticed a spare tire leaning against it. When he moved the tire, an explosive device |9,(believed to be a grenade) hidden inside the tire exploded, seriously injuring Dr. Pierce. An investigation by the federal Bureau of Alcohol Tobacco and Firearms (ATF) eventually focused on Mann, a physician who had a long disciplinary history with the Board.-Mann revealed to ATF investigators that he owned a sizable collection of weapons, at least one of which was observed to be equipped with a grenade launcher. After the bombing, city workers discovered ninety-eight grenades buried approximately 875 feet from Mann’s residence. Mann was indicted and tried on several criminal charges in the United States District Court for the Eastern District of Arkansas in connection with the bombing and the various weapons discovered in or near his home. The government’s theory at trial was that Mann acted as part of a conspiracy of individuals to target Dr. Pierce due to his activities as chairman of the Board. Among the charges was one count of using and conspiring to use a weapon of mass destruction against a person or property within the United States and one count of aiding and abetting in the damaging or destruction of a vehicle used in an activity affecting interstate commerce by means of an explosive. Following a five-week trial that began in July 2010, Mann was convicted on those two counts as well as other charges. He was sentenced to life imprisonment in 2011. Mann was also ordered to pay restitution in the amount of $1,015,281.24. On January 27, 2010, the Pierces filed a complaint that named Mann and three John Does as defendants. Count I of the complaint alleges that Mann committed the torts of assault and battery against Dr. Pierce. Count II of the complaint alleges civil conspiracy, specifically that Mann and several unknown individuals entered into an agreement for the | ^unlawful purpose of causing serious physical injury or death to Dr. Pierce. Count III alleges entitlement to punitive damages. In the complaint, the Pierces allege entitlement to compensatory damages for injuries to Dr. Pierce and loss of consortium by Melissa Pierce. On December 26, 2012, the Pierces filed a motion for summary judgment as to liability" for compensatory and punitive damages. In the motion, the Pierces argue that Mann’s convictions should bar him from relitigating his liability for the injuries sustained by Dr. Pierce in the explosion. Mann opposed the motion for summary judgment, contending that the offensive use of collateral estoppel sought by the Pierces is not allowed in Arkansas except from a conviction for murder, that the general principles underlying offensive collateral estoppel do not support expanding its use in this case, that, the prior counts of conviction do not preclude any issue in this case, and that the use of offensive collateral estoppel is premature because Mann’s convictions are on appeal. Following a hearing on the motion for summary judgment, the circuit court entered an order on December 19, 2013, in which it granted the Pierces’ motion for partial summary judgment as to liability. The circuit court determined that offensive collateral estoppel could be applied as a result of Mann’s criminal convictions if the requirements for the application of the doctrine as set forth in case law were present. The circuit court then determined that the requirements were present and granted the motion for partial summary judgment. A jury trial was held on the issue of damages. The jury awarded Dr. Pierce $12,500,000 in compensatory damages and $100,000,000 in punitive damages. The jury also awarded Melissa Pierce $5,000,000 in compensatory damages for loss of consortium and $5,000,000 in punitive damages. The total judgment awarded by the jury was $122,500,000. On May |423, 2015, the circuit court entered a judgment reflecting the jury’s award of damages. This appeal followed. We must first address the notice of appeal. The notice of appeal shall designate the judgment, decree, order or part thereof appealed from. Ark. R. App. P.— Civ. 3(e) (2015). This court has noted that the procedural steps outlined in Rule 3(e) require only substantial compliance, provided that the appellee has not been prejudiced by the failure to comply strictly with the rule. See Rogers v. Tudor Ins. Co., 325 Ark. 226, 925 S.W.2d 395 (1996). Here, the notice of appeal is technically deficient because it does not designate the final judgment that awarded monetary damages to appellees, which is the only final, appeal-able order in the record, as the order appealed from. Although the notice of appeal states that Mann is appealing from the order granting partial summary judgment, which was entered over a year before the notice of appeal was filed, and does not reference the final judgment, the summary-judgment order was not a final, appealable order, and no appeal could be taken from that order until the final judgment was entered by the circuit court. The notice of appeal was filed within thirty days of entry of the final judgment. We hold that the notice of appeal substantially complies with Rule 3(e), as appellant appealed from the summary judgment order at the first available opportunity, filed a notice that was timely as to the final judgment, and there was no prejudice to appel-lees due to the failure of the notice to reference the final judgment. Mann first argues that the trial court erred by improperly expanding the Zinger exception to the offensive-collateral-estoppel rule. We disagree. This court has approved the use of offensive collateral estoppel from a prior civil judgment. Johnson v. Union Pac. RR., 352 Ark. 534, 104 S.W.3d 745 (2003). In Zinger v. Terrell, 336 Ark. 423, 985 S.W.2d 737 (1999), this court approved the application of offensive collateral estoppel to a conviction for murder. To date, offensive collateral estoppel has not been applied to a conviction for any other kind of criminal offense. Our reading of the opinion in Zinger reveals that there is no reason why it cannot be so applied. In Zinger, this court spent a great deal of time discussing how the view of the use of offensive collateral estoppel has changed in the majority of jurisdictions. In this discussion, we cited a number of cases from other jurisdictions in which convictions for offenses other than murder were given preclusive effect in later civil proceedings. In re Marquardt, 161 Ariz. 206, 778 P.2d 241 (1989) (possession of marijuana); Teitelbaum Furs, Inc. v. Dominion Ins. Co., 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.2d 439 (1962) (theft and filing a fraudulent insurance claim); Warmouth v. Delaware State Bd. of Exam’rs in Optometry, 514 A.2d 1119 (Del. Super. Ct.1985) (sexual assault); Aetna Cas. & Surety Co. v. Niziolek, 395 Mass. 737, 481 N.E.2d 1356 (1985) (burning property to collect insurance proceeds); Jordan v. McKenna, 573 So.2d 1371 (Miss. 1990) (rape); Aubert v. Aubert, 129 N.H. 422, 529 A.2d 909 (1987) (attempted murder). The opinion contains no indication that the doctrine was applied due to the existence of some special circumstance pertaining to a conviction for murder. Instead, the opinion in Zinger reflects the acknowledgment of a national trend, and there is no reason for the court to stand against that trend. We hold that offensive collateral estoppel may be applied to convictions other than ones for murder if the doctrine would otherwise be applicable under our case law. Having determined that the doctrine may apply to Mann’s convictions, we must now determine whether it should apply to his convictions. The doctrine of collateral estoppel,J^or issue preclusion, bars the relitigation of issues of law or fact actually litigated by the parties in the first suit, provided that the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question and that issue was essential to the judgment. Powell v. Lane, 375 Ark. 178, 186, 289 S.W.3d 440, 445 (2008). The doctrine is applicable to preclude relit-igation of issues in state court that were previously decided in federal court. Palmer v. Ark. Council on Econ. Educ., 344 Ark. 461, 40 S.W.3d 784 (2001). Zinger recites the four requirements for the application of collateral estoppel: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a final and valid judgment; and (4) the issue must have been essential to the judgment. 336 Ark. at 430, 985 S.W.2d at 741. In Johnson v. Union Pacific Railroad, supra, this court stated that application of the doctrine might be unfair (1) where the defendant is sued for small or nominal damages and may not have had incentive to defend vigorously; (2) where the judgment relied upon for estoppel is itself inconsistent with one or more previous judgments in favor of the defendant; and (3) where the second action affords the defendant procedural opportunities unavailable in the first action that could cause a different result. 352 Ark. at 545-46, 104 S.W.3d at 751 (citing Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)). Mann argues that collateral estop-pel is not applicable in this case because the criminal trial did not determine the same facts the Pierces must prove in the civil trial. Among the convictions at Mann’s criminal trial was one for use of weapons of mass destruction. A person commits that offense if the person, without lawful authority uses, threatens, attempts or conspires to use a weapon of mass destruction against any person or property within the 17United States and such property is used in interstate or foreign commerce or in an activity that affects interstate or foreign commerce. 18 U.S.C.A. § 2332a. In order to prove the alleged torts of assault and battery, the Pierces would have to prove that Mann intentionally placed Dr. Pierce in fear of immediate physical harm and (2) that he acted with the intent to cause harmful contact to Dr. Pierce and did so. AMI Civ. 418 and 419 (2015). . Mann is correct to the extent that he contends that the elements of proof for his criminal charges and the elements of proof for the torts asserted by the Pierces do not line up completely. That means there exists the possibility of a set of facts whereby one could be found guilty of the criminal offenses for which Mann was convicted without the necessary elements for the torts of assault and battery having been decided. This case, however, does not present that set of facts. Here, in order to convict Mann, the federal jury was required to believe that he participated in a scheme whereby an explosive was secreted in a spare tire that was placed against Dr. Pierce’s personal vehicle in a manner such that, when it was moved, it would explode. This court has held that one is presumed to intend the natural and probable consequences of his actions. See Metcalf v. Jelks, 177 Ark. 1023, 8 S.W.2d 462 (1928). The natural and probable consequences of the actions that the jury was required to believe had either been taken or facilitated by Mann were that Dr. Pierce would be either seriously injured or killed. These facts prove the necessary elements of the tort Isdaims made by the Pierces, and there were no other facts adduced at the criminal trial that would have supported Mann’s convictions for the relevant criminal charges.[1] Mann also asserts that the Pierces cannot recover from him for civil conspiracy because he was convicted of involvement in a conspiracy, and the Pierces are not seeking judgment from “the actual tortfeasors.” However, his argument on this point consists solely of that statement and citation to a Comment to Arkansas Model Jury Instruction—Civil 714 which cites two cases from other jurisdictions that support Mann’s position and then states that Arkansas has not addressed the issue. Mann has failed to develop a convincing argument on this issue. It is axiomatic that this court will not consider arguments that are unsupported by convincing argument or sufficient citation to legal authority. Ganey v. Kawasaki Motors Corp., U.S.A., 366 Ark. 238, 244, 234 S.W.3d 838, 842 (2006). We decline to consider this argument. Mann next argues that it would be unfair to apply offensive collateral estoppel in this ease because the civil action would afford him with procedural safeguards that were unavailable in the first trial. Specifically, he contends' that there would be available at a civil trial discovery in the form of deposition testimony that was unavailable at the criminal trial. There are multiple problems with this argument. First, Mann makes no assertion that the preparation for his criminal trial was incomplete. Also, given that the criminal trial lasted five weeks, it cannot be said that he lacked a full and fair opportunity to litigate his ^responsibility for the actions that led to Dr. Pierce’s injuries with a higher burden of proof than he would face in a civil trial. As the Illinois Supreme Court observed in American Family Mutual Insurance Company v. Savickas, 193 Ill.2d 378, 260 Ill.Dec. 682, 739 N.E.2d 445 (2000), the differences between civil and criminal litigation mitigate in favor of affording preclusive effect to criminal convictions in light of their reliability. Second, Mann gives this court no indication of what possible evidence would be available through depositions not taken in preparation for his criminal trial that would change the result. Mann also complains that there were charges in his criminal trial that were improperly joined. He successfully argued the improper joinder issue to the Eighth Circuit; however, that court found that he was not prejudiced by the improper joinder. See United States v. Mann, 701 F.3d 274, 291 (8th Cir. 2012). We do not see how the issue of improper joinder would prejudice him in the civil trial when it did not prejudice him in the criminal trial. Mann’s arguments regarding procedural safeguards are without merit. Mann’s final argument is that application of offensive collateral estoppel is premature because the underlying case remains subject to reversal. We see no merit to this argument. As the Pierces note in their responsive brief, Arkansas follows the majority rule that a judgment is final for purposes of issue preclusion despite a pending appeal for a review of the judgment, unless the appeal actually consists of a trial de novo. John Cheeseman Trucking, Inc. v. Pinson, 313 Ark. 632, 855 S.W.2d 941 (1993). Mann was convicted and he appealed the substantive' nature of those convictions to the Eighth Circuit,' which affirmed. He is apparently seeking post-conviction relief, in which he necessarily cannot attack the factual |inbasis underpinning the verdict rendered by the jury in the criminal trial. As such, the jury’s verdict in the criminal matter should be given preclusive effect. The order of the Crittenden County Circuit Court granting partial summary judgment in favor of the Pierces on the issue of liability and the monetary judgment entered against Mann are hereby affirmed. Prior to oral argument in this case, ap-pellees asked this court to take judicial notice of the decision by the United States District Court for the Eastern District of Arkansas in which Mann’s postconviction claim for ineffective assistance of counsel was denied. In his response, Mann filed a supplemental motion to take judicial notice in which he requested that this court take judicial notice of his postconviction proceedings in federal court. The motions to take judicial notice are denied. Affirmed; motions denied. Goodson, J., concurs. Wood, J., concurs in part and dissents in part. Hart, J., dissents. . We note that Mann’s argument does not address Melissa Pierce’s claim for loss of consortium separately from Dr. Pierce’s claims for assault and battery, nor does his argument address the torts of assault and battery separately.