

Cite as 2017 Ark. 52

# SUPREME COURT OF ARKANSAS

**No.** CV-16-821

| | | |
|---|---|---|
| ROBIN M. EMIS | APPELLANT | **Opinion Delivered:** February 23, 2017 |
| V. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60DR-10-1616] |
| KEITH W. EMIS' | APPELLEE | HONORABLE MORGAN E. WELCH, JUDGE |
| | | COURT OF APPEALS OPINION VACATED; REMANDED TO THE COURT OF APPEALS FOR FURTHER CONSIDERATION. |

**ROBIN F. WYNNE, Associate Justice**

Robin Emis appeals the Pulaski County Circuit Court's change-of-custody award in favor of her ex-husband, appellee Keith Emis, and she also challenges the circuit court's denial of her motion to recuse, the award of attorney's fees to the attorney ad litem and to Keith's counsel, the striking of an affidavit is support of her recusal motion, and the denial of her motion to vacate the appointment of the attorney ad litem. This case is before us following our grant of a petition for review after our court of appeals affirmed without reaching the merits based on its findings that (1) the notice of appeal was fatally deficient as to the custody issues for failing to designate the final custody order, (2) any discussion of the recusal issue would be advisory because Robin never requested that the custody award be vacated or set aside due to bias, and (3) the remaining issues lacked argument or citation to authority. *Emis v. Emis*, 2016 Ark. App. 369. We conclude that the notice of appeal

substantially complies with our rules and therefore does confer appellate jurisdiction, and we vacate the court of appeals opinion and remand to the court of appeals for further consideration.

The parties divorced in September 2011, when their twin boys were twenty-two months of age. Robin was awarded custody, and Keith was awarded visitation. On September 5, 2014, the circuit court entered an agreed order modifying support, custody, and visitation, which was nunc pro tunc to May 1, 2012. That agreed order provided that "the parties have joint physical custody of the minor(s), with legal custody vested in Plaintiff Robin Emis." Thereafter, both parties sought an award of primary custody, and Robin requested the court's permission to relocate with the children to Florida. A three-day hearing was held, and the court entered its "Findings of Fact and Conclusions of Law" on August 14, 2015, which included construing the agreed order as creating a true joint custody arrangement, denying Robin's request to relocate, modifying custody to Keith, setting a visitation schedule and child support payments, and directing Keith's counsel to draft the final order. The resulting order was entered on August 27, 2015. The August 27 order states that it "supersedes and replaces" all previous custody and support orders entered in this case. Posttrial, the court decided issues of attorney's fees and costs and Robin's motion for recusal.

On September 9, 2015, Robin filed a notice of appeal stating that she was appealing from the "*Findings of Fact and Conclusions of Law* Order entered in this case on August 14, 2015." On November 17, 2015, she filed an amended notice of appeal, and on December 18, 2015, she filed a second amended notice of appeal, both of which designated additional,

posttrial orders. The court of appeals found that Robin's failure to properly designate the August 27 final order awarding custody to Keith divested that court of jurisdiction to decide the issues on appeal relating to the custody hearing or the trial court's custody determination. This court granted Robin's petition for review.

Regarding Robin's failure to designate the August 27 custody order in her notice of appeal, we hold that her notice of appeal substantially complies with our rules. Here, the final, appealable custody order was clearly the August 27 order. Rule 3(e) of the Arkansas Rules of Appellate Procedure–Civil provides that a notice of appeal shall "designate the judgment, decree, order or part thereof appealed from." Ark. R. App. P.–Civ. 3(e)(ii) (2016). While the filing of a notice of appeal is jurisdictional, this court has required only substantial compliance with the procedural steps set forth in Rule 3(e). *Jewell v. Moser*, 2012 Ark. 267 (citing cases). This court has said that a notice of appeal that fails to designate the judgment or order appealed from as required under Rule 3(e) is deficient, but such a defect is not necessarily fatal to the notice of appeal where it is clear which order the appellant is appealing, and the notice of appeal was filed timely as to that order. *Id.* Recently, this court held that a notice of appeal that failed to designate the final order nonetheless substantially complied with Rule 3(e) as follows:

> Here, the notice of appeal is technically deficient because it does not designate the final judgment that awarded monetary damages to appellees, which is the only final, appealable order in the record, as the order appealed from. Although the notice of appeal states that Mann is appealing from the order granting partial summary judgment, which was entered over a year before the notice of appeal was filed, and does not reference the final judgment, the summary-judgment order was not a final, appealable order, and no appeal could be taken from that order until the final judgment was entered by the circuit court. The notice of appeal was filed within thirty days of entry of the final judgment. We hold that the notice of appeal substantially complies with Rule 3(e), as appellant appealed from the summary

judgment order at the first available opportunity, filed a notice that was timely as to the final judgment, and there was no prejudice to appellees due to the failure of the notice to reference the final judgment.

*Mann v. Pierce*, 2016 Ark. 418, at 4, 505 S.W.3d 150, 153. Here, the extensive findings of fact and conclusions of law are incorporated and set out in the final order (and constitute the bulk of the final order),[1] and it is those findings and conclusions that Robin challenges on appeal in her arguments regarding custody. Because the notice of appeal was timely as to the final order and because there was no prejudice to the appellee from the failure to reference the final order, we hold that the notice substantially complies with Rule 3(e) and is therefore not fatal to appellate jurisdiction. Accordingly, having decided that threshold issue, we remand the appeal to the court of appeals for further consideration. *See Kelly v. Kelly*, 2016 Ark. 72, 483 S.W.3d 296.

Court of appeals opinion vacated; remanded to the court of appeals for further consideration.

WOOD, J., dissents.

**RHONDA K. WOOD, Justice, dissenting.** I dissent from the majority's holding that the appellant's notice of appeal designated a final, appealable order. The majority expands our "substantial compliance" interpretation of Rule 3(e) beyond current jurisprudence to include appeals from orders that do not contain scrivener's errors and that have been superseded. This court's decision descends us down a slippery slope and will only

---

[1] The final order expands the child-support and visitation provisions, as well as adding a counseling and co-parenting class requirement.

further confuse practitioners looking for guidance on what is or is not a valid notice of appeal. Accordingly, I dissent because the appeal should be dismissed.

The *Jewell* case the majority cites does not support its holding. In *Jewell v. Moser*, 2012 Ark. 267, we said that while we have required only substantial compliance with the procedural steps of Rule 3(e) the notice of appeal did not contain a scrivener's error because the final order was filed after the notice of appeal. *Jewell*, 2012 Ark. 267. The cases where we found substantial compliance dealt with ancillary procedural requirements such as the financial-arrangement language and the ordering of the trial transcript. *See, e.g.*, *Helton v. Jacobs*, 346 Ark. 344, 57 S.W.3d 180 (2001) (noting that failure to include financial-arrangements language in a notice of appeal no longer renders that notice invalid); *Phillips v. LaValle*, 293 Ark. 364, 737 S.W.2d 652 (1987) (holding that it was not fatal when the notice of appeal did not state that the transcript had been ordered when in actuality it had been ordered).

Furthermore, in *Jewell*, we noted that a defect in the notice of appeal is not necessarily fatal where the notice of appeal contained a mere scrivener's error regarding proper identification from the order appealed.[2] *Id.* (citing *Duncan v. Duncan*, 2009 Ark. 565). Courts have determined that a mere scrivener's error has occurred when the notice has designated a nonexistent order, such as when the notice references a date on which no order was entered. *See, e.g.*, *Duncan*, 2009 Ark. 565; *Pro-Comp Mgmt., Inc. v. R.K. Enters.*, 372 Ark. 190, 272 S.W.3d 91 (2008); *Henley v. Medlock*, 97 Ark. App. 45, 244 S.W.3d 16 (2006);

---

[2] We also stated that the notice of appeal must be filed timely despite the failure to designate the final judgment or order being appealed.

*Farm Bureau Mut. Ins. Co. v. Sudrick*, 49 Ark. App. 84, 896 S.W.2d 452 (1995). Thus, in these cases it was obvious that a scrivener's error had occurred. When there is not an obvious scrivener's error, we generally have not found substantial compliance and have instead dismissed the appeal for failure to meet the Rule 3(e) requirement. *See, e.g.*, *Jewell*, 2012 Ark. 267; *Lindsey v. Green*, 2010 Ark. 118, 369 S.W.3d 1 (dismissing cross-appeal where the appellant failed to designate the order it was cross-appealing); *Jasper v. Johnny's Pizza*, 305 Ark. 318, 807 S.W.2d 664 (1991) (finding that the notice of appeal was filed prematurely and was, therefore, ineffectual).

The present case is more aligned with *Jewell* than the scrivener's error cases. Thus, although the majority cites *Jewell* to support its holding, it actually supports dismissal. Here, both the amended notice of appeal and the original notice of appeal designated the findings-of-fact letter opinion instead of the final order. This is not a scrivener's error. It is hard to imagine a scrivener's error would occur twice. Thus, the court's holding today is actually a departure from the substantial compliance rule in *Jewell*.

This case is also distinguishable from the other case relied on by the majority, *Mann v. Pierce*, 2016 Ark. 418, 505 S.W.3d 150.[3] In *Mann,* the notice of appeal stated that appellant was appealing from an order granting partial summary judgment, which had been entered over a year before the notice of appeal was filed. The notice of appeal did not reference the final judgment. Thus in *Mann*, the appellant was appealing the order it listed in the notice of appeal. The order granting partial summary judgment, while not a final

---

[3] It is worth noting that I wrote separately in *Mann* because, unlike this case, neither party raised the issue of compliance with the notice of appeal; therefore, it was error for the court to address it. Compliance with procedural rules is not jurisdictional in nature.

SLIP OPINION

order, decided the issue of liability and that was the issue and order on appeal. The court concluded that the notice of appeal substantially complied with Rule 3(e) because the appellant appealed from the summary-judgment order at the first opportunity, the notice of appeal was timely as to the final judgment, and the appellees were not prejudiced. It is important to note that the notice-of-appeal issue was that, in addition to listing the summary-judgment order, the notice of appeal should have listed the final order even if the appellant was not appealing from it.

Thus in *Mann*, unlike the current case, the appellant listed the proper order it was appealing from, that order was not a temporary order, and the final judgment did not supersede that order. Here, the notice of appeal and amended notice of appeal listed the wrong order, an August 14, 2015 document entitled "Findings of Fact and Conclusions of Law" that was nothing more than a temporary order, or a letter opinion, which is not final or conclusive, and it was later superseded by the final order. *See Mason v. Mason*, 319 Ark. 722, 895 S.W.2d 513 (1995) (citing *Thomas v. McElroy*, 243 Ark. 465, 469–70, 420 S.W.2d 530, 533 (1967) ("The decisions, opinions, and findings of a court do not constitute a final judgment or decree. They merely form the bases upon which a judgment or decree is subsequently to be rendered and are not conclusive unless incorporated in a judgment or a judgment be entered thereon."). Thus, while the facts in Mann supported the appeal, the facts here require dismissal.

Rule 3(e) does not give an appellant the authority to appeal a superseded order. Rather, it provides that an appellant may appeal a portion of a particular ruling within a final, appealable order, which the August 14 document is not because the final order

specifically superseded it. In the letter opinion, the court specifically directed the appellee to draft a "Final Order," which subsequently was entered on August 27, 2015. The August 27, 2015 order states that it supersedes all previous orders of custody. This undoubtedly would include the August 14 letter opinion. And even assuming the August 14 document was a temporary or final order at the time it was entered, it was vacated by the August 27 order, before the first notice of appeal was filed on September 9, 2015. Thus, the August 14 document entitled "Findings of Fact and Conclusions or Law" is not an appealable order under any interpretation of our appellate rules.

For these reasons, Emis has failed to file an effective notice of appeal; therefore, I would dismiss the appeal.

*Law Office of Kathryn L. Hudson*, by: *Kathryn L. Hudson*; and *Pinnacle Law Firm, PLLC*, by: *Matthew D. Campbell*, for appellant.

*Ballard & Ballard, P.A.*, by: *Andrew D. Ballard*, for appellee.