Rhonda K. Wood, Justice, dissenting. I dissent from the majority’s holding that the appellant’s notice of appeal designated a final, appealable order. The majority expands our “substantial compliance” interpretation of Rule 3(e) beyond current jurisprudence to include appeals from orders that do not contain scrivener’s errors and that have been superseded. This court’s decision descends us down a slippery slope and will only [ ¿further confuse practitioners looking for guidance on what is or is not a valid notice of appeal. Accordingly, I dissent because the appeal should be dismissed. The Jewell case the majority cites does not support its holding. In Jewell v. Moser, 2012 Ark. 267, we said that while we have required only substantial compliance with the procedural steps of Rule 3(e) the notice of appeal did not contain a scrivener’s error because the final order was filed after the notice of appeal. Jewell, 2012 Ark. 267. The cases where we found substantial compliance dealt with ancillary procedural requirements such as the financial-arrangement language and the ordering of the trial transcript. See, e.g., Helton v. Jacobs, 346 Ark. 344, 57 S.W.3d 180 (2001) (noting that failure to include financial-arrangements language in a notice of appeal no longer renders that notice invalid); Phillips v. LaValle, 293 Ark. 364, 737 S.W.2d 652 (1987) (holding that it was not fatal when the notice of appeal did not state that the transcript had been ordered when in actuality it had been ordered). Furthermore, in Jewell, we noted that a defect in the notice of appeal is not necessarily fatal where the notice of appeal contained a mere scrivener’s error regarding proper identification from the order appealed.[2] Id. (citing Duncan v. Duncan, 2009 Ark. 565, 2009 WL 3786850). Courts have determined that a mere scrivener’s error has occurred when the notice has designated a nonexistent order, such as when the notice references a date on which no order was entered. See, e.g., Duncan, 2009 Ark. 565; Pro-Comp Mgmt., Inc. v. R.K. Enters., 372 Ark. 190, 272 S.W.3d 91 (2008); Henley v. Medlock, 97 Ark. App. 45, 244 S.W.3d 16 (2006); Farm Bureau Mut. Ins. Co. v. Sudrick, 49 Ark. App. 84, 896 S.W.2d 452 (1995). Thus, in these cases it was obvious that a scrivener’s error had occurred. When there is not an obvious scrivener’s error, we generally have not found substantial compliance and have instead dismissed the appeal for failure to meet the Rule 3(e) requirement. See, e.g., Jewell, 2012 Ark. 267; Lindsey v. Green, 2010 Ark. 118, 369 S.W.3d 1 (dismissing cross-appeal where the appellant failed to designate the order it was cross-appealing); Jasper v. Johnny’s Pizza, 305 Ark. 318, 807 S.W.2d 664 (1991) (finding that the notice of appeal was filed prematurely and was, therefore, ineffectual). ' The present case is more aligned with Jewell than the scrivener’s error cases. Thus, although the majority cites Jewell to support its holding, it actually supports dismissal. Here, both the amended notice of appeal and the original notice of appeal designated the findings-of-fact letter opinion instead of the final order. This is not a scrivener’s error. It is hard to imagine a scrivener’s error would occur twice. Thus, the court’s holding today is actually a departure from the substantial compliance rule in Jewell. This case is also distinguishable from the other case relied on by the majority, Mann v. Pierce, 2016 Ark. 418, 505 S.W.3d 150.[3] In Mann, the notice of appeal stated that appellant was appealing from an order granting partial summary judgment, which had been entered over a year before the notice of appeal was filed. The notice of appeal did not reference the final judgment. Thus in Mann, the appellant was appealing the order it listed in the notice of appeal. The order granting partial summary judgment, while not a final 17order, decided the issue of liability and that was the issue and order on appeal. The court concluded that the notice of appeal substantially complied with Rule 3(e) because the appellant appealed from the summary-judgment order at the first opportunity, the notice of appeal was timely as to the final judgment, and the appellees were not prejudiced. It is important to note that the notice-of-appeal issue was that, in addition to listing the summary-judgment order, the notice of appeal should have listed the final order even if the appellant was not appealing from it. Thus in Mann, unlike the current case, the appellant listed the proper order it was appealing from, that order was not a temporary order, and the final judgment did not supersede that order. Here, the notice of appeal and amended notice of appeal listed the wrong order, an August 14, 2015 document entitled “Findings of Fact and Conclusions of Law” that was nothing more than a temporary order, or a letter opinion, which is not final or conclusive, and it was later superseded by the final order. See Mason v. Mason, 319 Ark, 722, 895 S.W.2d 513 (1995) (citing Thomas v. McElroy, 243 Ark. 465, 469-70, 420 S.W.2d 530, 533 (1967) (“The decisions, opinions, and findings of a court do not constitute a final judgment or decree. They merely form the bases upon which a judgment or decree is subsequently to be rendered and are not conclusive unless incorporated in a judgment or a judgment be entered thereon.”). Thus, while the facts in Mann supported the appeal, the facts here require dismissal. Rule 3(e) does not give an appellant the authority to appeal a superseded order. Rather, it provides that an appellant may appeal a portion of a particular ruling within a final, appealable order, which the August 14 document is not because the final order ^specifically superseded it. In the letter opinion, the court specifically directed the appellee to draft a “Final Order,” which subsequently was entered on August 27, 2015. The August 27, 2015 order states that it supersedes all previous orders of custody. This undoubtedly would include the August 14 letter opinion. And even assuming the August 14 document was a temporary or final order at the time it was entered, it was vacated by the August 27 order, before the first notice of appeal was filed on September 9, 2015. Thus, the August 14 document entitled “Findings of Fact and Conclusions or Law” is not an appealable order under any interpretation of our appellate rules. For these reasons, Emis has failed to file an effective notice of appeal; therefore, I would dismiss the appeal. . We also stated that the notice of appeal must be filed timely despite the failure to designate the final judgment or order being appealed. . It is worth noting that I wrote separately in Mann because, unlike this case, neither party raised the issue of compliance with the notice of appeal; therefore, it was error for the court to address it. Compliance with procedural rules is not jurisdictional in nature.